**WHITTED v. ALIQUIPPA & SOUTHERN R. CO.**

Civ. A. No. 9758.

United States District Court
W. D. Pennsylvania.

June 3, 1953.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Judd N. Poffinberger, Jr., of Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action brought under the provisions of the Federal Employers Liability Act, 45 U.S.C.A. § 51 et seq., for the recovery of damages sustained by plaintiff in the course of his employment as track laborer on March 20, 1951 for injuries received while carrying a switch tie to be used in the construction of a cribbing near the defendant Railroad Company's tracks. Plaintiff alleged that his injuries were caused by the negligence of defendant in violating the Federal Employers Liability Act, in failing to provide a safe place to work and in its failure to use six men for the carrying of the 14-foot switch ties which were too heavy for the four men who did the carrying that day. Defendant denied that it was negligent in any particular, and further claimed that plaintiff contributed to the happening of the accident through his own negligence in the manner of lifting the tie and in failing to request additional help to carry a tie too heavy for him and the other three men. The jury returned a verdict for the plaintiff in the amount of $15,000. It is the opinion of the Court that there was evidence to support it.

Defendant made timely motions, (1), to have the verdict and judgment set aside and to have judgment entered in accordance with its motion for a directed verdict; and (2) for a new trial, assigning

600

six reasons in support of the first motion and eleven in support of the second.

■ The Court is of the opinion that there was sufficient evidence of the happening of the accident as well as sufficient evidence to warrant the jury reasonably to conclude that the injury came through defendant's failure to use a sufficient number of men for the job on which plaintiff was working. Therefore, defendant's motion for judgment, disregarding the verdict, must be denied.

■ The amount of the verdict, while not shocking the conscience of the Court, does seem to be too liberal in view of all the evidence in the case. Therefore, defendant's motion for a new trial will be granted unless plaintiff files a remittitur of $3,000 on the verdict of $15,000, as directed in the order.