**Nick MASIGLOWA, Plaintiff,**

v.

**NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY, Defendant.**

**Civ. No. 30076.**

United States District Court
N. D. Ohio, E. D.

Sept. 16, 1955.

Howard M. Metzenbaum, Cleveland, Ohio, for plaintiff, Elmer I. Schwartz, Harold S. Stern, Cleveland, Ohio, of counsel.

Donald W. Hornbeck, Cleveland, Ohio, for defendant, Edwin Knachel, Cleveland, Ohio, of counsel.

MARTIN, Circuit Judge.

Careful consideration has been given to the motion of the defendant railroad carrier to vacate and set aside the verdict of the jury and the judgment of the court thereon and to grant the defendant a new trial.

The arguments and the briefs of the attorneys for both sides and the transcript of the testimony of the plaintiff, and of defendant's eye-witness Dean F. Hackenburg, have been read and analyzed. The authorities cited in the briefs filed by the attorneys for the contending parties have been read and weighed. The conclusion has again been reached, announced at the end of the introduction of the evidence in the case, that the motion of defendant for directed verdict is not well grounded.

Viewing the testimony in the light most favorable to the plaintiff, as a trial court is obliged to do upon a motion for directed verdict, there was substantial evidence upon which the jury could find negligence upon the part of the defendant if it believed the testimony of the plaintiff. This testimony was to the effect that the employer failed to furnish an adequate number of carmen helpers to perform the labor required on the date of the accident, with the result that plaintiff and Hackenburg were unduly

hustled by the carmen to supply needed lining for the railroad car,—the plaintiff testifying positively that a carman "hollered" or "yelled" at him "to get the stuff". The result was that at the suggestion of Hackenburg, plaintiff said that he lifted, at his end, three bundles of planks, each bundle containing four pieces each of which weighed 18 to 20 pounds.

The plaintiff testified that Hackenburg first picked up his end from the ground and that the plaintiff then picked up the other end and when he lifted the bundles to his shoulder something "clicked" or "cracked" in his back. He said that with Hackenburg he carried the load to the car, when Hackenburg dropped the load from his shoulder and the plaintiff couldn't hold his end any longer and let the planks drop to the ground. He then felt severe pain and was compelled to quit work because he felt sick.

In overruling a motion for a directed verdict at the conclusion of all the evidence the reasons therefor were stated from the Bench and dictated into the record. Several authorities were cited and upon full reconsideration it is believed that the reasons then given were valid,—it would seem unnecessary to repeat the citations then given but to them might be added the following decisions of the Sixth Circuit Court of Appeals:

In Keith v. Wheeling & Lake Erie Ry. Co., 6 Cir., 160 F.2d 654, 658, former Chief Judge Hicks stated:

"* * * the authority of courts by direction of a verdict, to withdraw from the consideration of a jury matter bearing upon the question of the defendant's negligence

and its proximate relation to the injury is now very restricted indeed."

See also Hutchins v. Akron, Canton & Youngstown R. Co., 6 Cir., 162 F.2d 189, 192; Massey v. Chattanooga Station Co., 6 Cir., 1954, 210 F.2d 167, 168, certiorari denied 348 U.S. 896, 75 S.Ct. 216, where the court said:

"The Supreme Court made it plain in the Tennant case [Tennant v. Peoria & P. U. R. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520], supra, that trial judges are not free to set aside jury verdicts merely because 'judges feel that other results are more reasonable' ".

It may not be amiss to state again that the opinion of Judge McVicar in Whitted v. Aliquippa & Southern R. Co., D.C.W.D.Pa., 112 F.Supp. 599, a case analogous to that at bar, is a well-reasoned decision. The case mainly depended upon by defendant's astute attorney, Wadiak v. Illinois Cent. R. Co., 7 Cir., 208 F.2d 925, rests upon its own special facts but insofar as it gainsays the viewpoint expressed in the opinion is not binding in this Circuit and will not be followed.

In conclusion, the opinion of the Supreme Court in Stone v. New York, C. & St. L. R. Co., 1953, 344 U.S. 407, 73 S.Ct. 358, 97 L.Ed. 441, though stronger for the plaintiff on its facts than the case at bar, has binding authoritative value in demonstrating that appraisal of the facts should be left to the jury.

Accordingly, the motion of the defendant is overruled and the exception of the defendant to the action of the court is duly noted.