75 So.2d 111

Horace SIMPSON, as adm'r, etc.,

v.

BIRMINGHAM ELECTRIC CO., a corp.

6 Div. 426.

Supreme Court of Alabama.

Aug. 30, 1954.

Rehearing Denied Oct. 28, 1954.

D. G. Ewing, T. Eric Embry and Hare & Parsons, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

MERRILL, Justice.

This is a suit brought by Horace Simpson as administrator of the estate of Novella Simpson, deceased, to recover damages for the death of plaintiff's decedent arising out of the running over of Novella Simpson by a street car of defendant between Ensley and Pratt City on July 7, 1943.

Novella Simpson was walking north on a trestle about 9 o'clock at night. The street car approached the trestle around a curve to the left from the south or the Ensley end of the tracks. It was undisputed that the deceased was a trespasser, that she ran to get off the trestle, fell before she reached the north end and the street car passed completely over her and stopped across the trestle with the body behind it and six or seven feet north of the north end of the trestle. Eyewitnesses to the accident testified for both parties. The motorman testified that he first saw the deceased when the car straightened up after turning the curve and the headlight shone over the straight track; that he put on his brakes as fast as he could, reversed the car and sanded the tracks, but was unable to stop the car until after it struck her.

The complaint consisted of two counts, the first based on negligence, the second on wantonness. The plea was in short by consent, being the general issue and contributory negligence.

Trial of the case resulted in a verdict by the jury for defendant. Thereafter, the plaintiff made a motion for a new trial which was overruled by the trial court. The only assignment of error which is treated in the argument section of appellant's brief is No. 16, which complains of the action of the court in overruling the motion for a new trial, and appellant contends that the verdict was contrary to the great preponderance and weight of the evidence. Other assignments of error are insufficiently argued and are not considered. Supreme Court Rules 10 and 12. Code 1940, Tit. 7 Appendix.

What was said in the case of Bell v. Nichols, 245 Ala. 274, 16 So.2d 799, 800, is applicable here.

"The power and duty of trial courts to set aside verdicts and grant new trials and the power of appellate courts to review and revise the ruling of the trial court in this regard has been often stated. We see no reason to re-state these well-known principles, but content ourselves with a citation of some of the authorities in which the principles are stated. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738; Franklin Fire Insurance Co. v. Slaton, 240 Ala. 560, 200 So. 564; Pollard v. Rogers, 234 Ala. 92, 173 So. 881; Watkins v. Reinhart, 243 Ala. 243, 9 So.2d 113; Armour & Co. v. Cartledge, 234 Ala. 644, 176 So. 334.

"We have considered the evidence with painstaking care and have concluded that there was evidence which, if believed, authorized the verdict which was rendered. We cannot affirm that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Under all the circumstances, we do not feel authorized to reverse the judgment of the trial court in refusing a new trial. Southern R. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Gulf States Creosoting Co. v. Jones, 241 Ala. 9, 1 So.2d 379, 381."

The correctness of the verdict is strengthened when the presiding judge refuses to grant a new trial. Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.