103 So.2d 791

LOUISVILLE AND NASHVILLE RAILROAD COMPANY, a Corporation,

v.

O. E. COOKE.

6 Div. 152.

Supreme Court of Alabama.

May 29, 1958.

426

Gibson & Gibson, Lange, Simpson, Robinson, & Somerville, White E. Gibson, Jr., and Jas. O. Haley, Birmingham, for appellant.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

**SIMPSON, Justice.**

Plaintiff filed suit in this case claiming damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for injuries sustained while in the performance of his duties as a flagman and in the employment of defendant. The case was tried on Counts 1 and 2 of the amended complaint.

In Count 1 it is alleged that appellee's injuries were the "proximate result, in whole or in part, of the negligence of the officers, agents, or employees of the defendant, while acting within the line and scope of their employment by the defendant, or by reason of a defect or insufficiency due to the negligence of the defendant in its appliances, machinery, track, roadbed, works or other equipment".

In Count 2 it is charged that appellee's injuries were the "proximate result, in whole or in part, of the negligence of the defendant in that defendant negligently failed to exercise reasonable care to furnish and maintain plaintiff a reasonably safe place to perform his work for the defendant".

A verdict in the amount of $25,000 was returned by the jury in favor of the plaintiff and from a judgment entered thereon, defendant brings this appeal, assigning as error the refusal of the trial court to give at the request of defendant the general affirmative charge with hypothesis and the overruling of defendant's motion for a new trial.

■ In cases brought under the Federal Employer's Liability Act this Court is controlled by the decisions of the Supreme Court of the United States. Atlantic Coast Line R. Co. v. McMoy, 261 Ala. 66, 73 So.2d 85; Atlantic & Saint Andrews Bay Ry. Co. v. Burnett, 259 Ala. 688, 68 So.2d 726.

A recent expression of the U. S. Supreme Court on the question of submission of the case to the jury is found in Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, where that Court stated:

"Under this statute [F.E.L.A.] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented.

428

is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. * * *

"The Congress when adopting the law was particularly concerned that the issues whether there was employer fault and whether that fault played any part in the injury or death of the employee should be decided by the jury whenever fair-minded men could reach these conclusions on the evidence."

■ This Court, in keeping with the decisions of the U. S. Supreme Court in cases brought under the F.E.L.A., has held that the affirmative charge is properly given only when there is a complete absence of probative facts to support the plaintiff's claim of negligence on the part of the railroad. Louisville & N. R. Co. v. Steel, 257 Ala. 474, 59 So.2d 664; Atlantic Coast Line R. Co. v. McMoy, supra; Atlantic & St. Andrews Bay Ry. Co. v. Burnett, supra.

■ In reviewing the evidence where, as here, the affirmative charge was refused the appellant, we are of course guided by the oft-stated rule that the entire evidence must be viewed in its most favorable aspect to the appellee and where this is done and a reasonable inference may be drawn adverse to the party requesting the affirmative charge, such charge is properly refused. Atlantic Coast Line R. Co. v. Taylor, 260 Ala. 401, 71 So.2d 27; Atlantic Coast Line R. Co. v. McMoy, supra.

The appellee, working as a trainman, baggageman, and flagman, had been, at the time of the accident, in the employment of the appellant for more than ten years. On August 26, 1954, the date of the accident, he was working as a flagman on a Southbound passenger train. Appellee's duties, as flagman, were to remove from the rear coach upon which he was riding a red light and two marker lights, each of which said marker lights weighed five to seven and

one-half pounds, and place them on the coach or coaches to be added to the passenger train. The train upon which appellee was working entered the Mobile station during daylight hours on the center track, Track 2 (there being three tracks running parallel North and South). West of said track, there was a concrete platform upon which there were passengers, baggage trucks and express trucks. On Track 1, the next track east of the one on which appellee's train was moving, there was a switch engine with two coaches. As the rear coach of the passenger train upon which appellee was riding passed the switch engine, appellee asked the engineer on the switch engine whether those were the coaches to be added to said passenger train and was told that they were. Thereupon, appellee opened the trap door on the eastern side of the coach upon which he was riding, walked to the bottom step, reached back and got the marker lights and the red light, looked down, saw no obstruction and stepped off the train which was moving at a speed of approximately two miles per hour. His foot hit a water pipe; he fell and thereby sustained his injury. The water pipe, painted yellow, was used to supply drinking water to coaches and was one of several located in the space between Tracks 1 and 2, which pipes projected sixteen to twenty-two inches above the surface of the ground and were at intervals of fifty to seventy feet. The pipes were six to ten inches east of the overhang of the coach upon which appellee was riding and were lower than the height of the bottom step of said coach. Appellee knew that there were water pipes at various intervals between Tracks 1 and 2 which pipes had been in the same place throughout his fifteen years' experience. The evidence also showed that the coach upon which appellee was riding was so constructed that it was possible to alight from either side. Appellee's evidence, and the tendencies thereof, also showed that there was an established custom or common practice on the part of flagmen to alight from the eastern side of the arriving South-

bound passenger train on Track 2 in the Mobile station on which side the water pipes were located. It was also a common practice to dismount from said train on said eastern side while the train was still in motion.

While the appellee could have alighted on the western side where there was a concrete platform, appellee's evidence shows, as heretofore pointed out, that there were a number of passengers, baggage trucks and express trucks using the platform. It also appears that it was the common practice of flagmen to alight on the side closest to where he had to complete his assigned chores which, under the conditions at the time of the accident, would have been the eastern side of appellee's coach. Evidence was also adduced on behalf of appellee that by alighting on the eastern side "the cars [coaches to be added] would be nearer to you if you got off on that side and also the possibility they might take off with the car if you didn't get over to put your equipment on it".

■ We conclude that under recent decisions of the Federal Supreme Court a jury question was presented and that the affirmative charge with hypothesis in favor of appellant was properly refused by the trial court. See Ringhiser v. Chesapeake & Ohio Railway Co., 354 U.S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268; Rogers v. Missouri Pac. R. Co., supra; Webb v. Illinois Central R. Co., 352 U.S. 512, 77 S.Ct. 451, 1 L. Ed.2d 503; Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 77 S.Ct. 457, 1 L. Ed.2d 511; Arnold v. Panhandle & Santa Fe Railway Co., 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889; Shaw v. Atlantic Coast Line R. Co., 353 U.S. 920, 77 S.Ct. 680, 1 L.Ed.2d 718; Gibson v. Thompson, 355 U.S. 18, 78 S.Ct. 2, 2 L.Ed.2d 1.

■ Appellant argues that appellee's injury was proximately caused by appellee's contributory negligence; this fact would not bar appellee's right to recover if the injury were "in part" the proximate result of appellant's negligence. 45 U.S.C.A. § 53; Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497. The jury was instructed by the trial court on the law of contributory negligence in cases brought under the F.E.L.A.

■ Appellant also contends that appellee's negligence was the sole proximate cause of his injury. This issue, we conclude, was properly submitted to the jury. Authorities supra. The jury was also instructed by the trial court with respect to the law thereto.

■ It is the duty of the employer to use reasonable care to provide the employee with a reasonably safe place to perform his work; it is a duty which becomes more imperative as the risk increases. Nor is the employer relieved by the fact that the employee's work at the place in question is fleeting or infrequent. Bailey v. Central Vermont Railway, 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Wilkerson v. McCarthy, supra; Choctaw, Oklahoma & Gulf Railroad Co. v. McDade, 191 U.S. 64, 24 S.Ct. 24, 48 L.Ed. 96; Louisville & N. R. Co. v. Steel, 257 Ala. 474, 59 So.2d 664.

■■ The duty of an employer to furnish a reasonably safe place to work extends to those places where the employees are expressly or impliedly invited and permitted to use, or which the employer knows or ought to know they are accustomed to use. 56 C.J.S. Master and Servant § 219 b; 35 Am.Jur., Master and Servant, § 185. The question whether in any particular case the employer has discharged his duty in this respect is ordinarily one for the jury's determination. 35 Am.Jur., Master and Servant, § 183.

■ In a number of cases it has been held or recognized that it may be negligence and a breach of the railroad's duty to its employees to build a standpipe, waterspout and tank, or other like device for use in connection with the watering requirements

**430**

of the railroad in such proximity to its tracks as to endanger employees engaged in the performance of their duties, Choctaw, Oklahoma & Gulf Railroad Co. v. McDade, supra (overhead waterspout); Norfolk & W. R. Co. v. Beckett, 4 Cir., 163 F. 479; Walls v. Lehigh Valley R. Co., 261 App. Div. 1116, 27 N.Y.S.2d 174; East Tennessee, V. & G. R. Co. v. Thompson, 94 Ala. 636, 10 So. 280; 50 A.L.R.2d 674, 719.

Whether the maintaining of the water pipe in question in such proximity to the track in question was negligence on the part of the railroad where the evidence shows that it was a common practice of employees in the performance of their duties to alight from slow moving trains on that side where the water pipe was located, is a question upon which we think reasonable men could differ. Such question was therefore properly submitted to the jury under decisions of the United States Supreme Court. Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610; Louisville & N. R. Co. v. Botts, 8 Cir., 173 F.2d 164.

On the question of the motion for new trial. The decision of a trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740. After studious consideration we are left unconvinced that the trial court committed error in overruling appellant's motion for a new trial.

We entertain the view the assignments of error cannot be sustained.

Affirmed.

All the Justices concur except STAKELY, J., not sitting.