126 So.2d 206

### BIRMINGHAM SOUTHERN RAILROAD COMPANY

v.

### Handy BALL.

### 6 Div. 590.

Supreme Court of Alabama.

Jan. 12, 1961.

Moore, Thomas, Taliaferro, Forman & Burr, Birmingham, for appellant.

Clifford Emond, Jr., Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from a judgment for $1500 in a suit brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. A motion for a new trial was overruled.

The single count which went to the jury charged that while appellee "was acting within the line and scope of his employment by defendant, in carrying certain air and/or water hose of defendant, he was caused to be struck on the knee by said air and/or water hose, and was thereby caused to be injured." It was alleged that plaintiff's injuries resulted from the negligence of the defendant or by reason of a defect or insufficiency in its equipment, etc.

It is uncontradicted that the plaintiff, a laborer in the performance of his duties, was injured as a result of being struck on the knee by the end of an air hose which was coiled up and looped around his shoulder and arm; that the end of the air hose flopped over and its metal connection struck him on the knee.

The record shows that this was the customary manner for the hoses to be carried and that the defendant had no rule which required employees to tie up the hoses before carrying them. The defendant did not provide the employees with anything to tie up the hoses nor did they furnish a wagon on which to carry the hoses.

Plaintiff was forty-eight years old at the time of his trial and had worked for the defendant for ten years, and for seven years, it had been part of his job to pick up the air and/or water hose left on or near the tracks by other employees, and when he was hurt, he was doing the same work in the same manner as he had been doing for at least five years.

Appellant first argues that it was entitled both to the general charge without hypothesis and with hypothesis. It is argued that there was no negligence on the part of appellant because there was no duty imposed on the defendant either of (1) promulgating the rule requiring that an air hose, such as the one carried by the plaintiff, be tied up before being carried by an employee, or (2) providing material of some kind with which an employee such as plaintiff could tie up such an air hose before carrying it.

**566**

It is true, as argued by appellant, that in F.E.L.A. cases we are bound by Federal decisional law, and the decisions of the Federal Supreme Court *say* that the act does not make the employer the insurer of the safety of their employees while they are on duty.

Appellant urges that there is no evidence of negligence and that it was entitled to the affirmative charge. We have held that the affirmative charge is properly given in F.E.L.A. cases only when there is a complete absence of probative facts to support plaintiff's claim of negligence on the part of the railroad. Louisville & Nashville Railroad Co. v. Cooke, 267 Ala. 424, 103 So.2d 791, and cases there cited.

■ The entire evidence must be viewed in its most favorable aspect to the appellee, and where this is done and a reasonable inference may be drawn adverse to the party requesting the affirmative charge, such charge is properly refused. Louisville & Nashville Railroad Co. v. McElveen, 270 Ala. 600, 120 So.2d 884; Atlantic Coast Line Railroad Co. v. Taylor, 260 Ala. 401, 71 So.2d 27.

■ Some of the evidence favorable to the appellee was: the ends of the hoses were prone to flop down while being carried, and when they struck the leg, the blow could be painful; it would be easier to handle the hose if it were tied and, if tied, the end would not flop; it had been suggested at safety meetings that "the hoses be tied up so they would be easy to get out and bring in—and keep them from falling down." Appellant, disregarding this knowledge, failed to promulgate any rule requiring that the hoses be tied, failed to provide its employees with anything with which to tie the hoses, and failed to furnish anything on which the hoses could be carried, forcing the employees to carry them on their shoulders or in their arms. "These were probative facts from which the jury could find that respondent (ap-

pellant) was or should have been aware of conditions which created a likelihood that petitioner, in performing the duties required of him, would suffer just such an injury as he did." Rogers v. Missouri Pacific Rwy. Co., 352 U.S. 500, 77 S.Ct. 443, 447, 1 L.Ed. 2d 493. The Rogers case is quoted in Louisville & Nashville Railroad Co. v. Cooke, 267 Ala. 424, 103 So.2d 791, 794, as follows:

" 'Under this statute [F.E.L.A.] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death.for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. * * *

" 'The Congress when adopting the law was particularly concerned that the issues whether there was employer fault and whether that fault played any part in the injury or death of the employee should be decided by the jury whenever fair-minded men could reach these conclusions on the evidence.' "

We conclude under this and other recent decisions of the Federal Supreme Court cited in the Cooke case, supra, that a jury question was presented and the affirmative charge was properly refused.

Assignment of error 12 is based on the overruling of the motion for a new trial. Appellant contends that the verdict was in disregard of the trial court's instructions. Appellant states in brief:

"The trial court, in its oral charge to the jury, instructed them that the defendant was not required to furnish its employees a perfect method to do the work; that an employee of defendant is not entitled to recover damages if injured on the job simply by reason of the fact that he is injured; that, in order for the plaintiff to recover, there must be negligence on the part of the defendant. It is respectfully submitted that the verdict of the jury was rendered in disregard of said instructions by the trial court and, therefore, was against the law of the case as declared by the trial court; and that it should have been set aside in response to defendant's motion for a new trial."

■ We do not think the verdict was contrary to the instructions of the court, and certainly the trial court did not so consider it because the motion for a new trial was overruled.

■ The decision of a trial court refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is so decided as to clearly convince the court that it is wrong and unjust. We are not convinced that there was error in overruling the motion for a new trial. Louisville & Nashville Railroad Co. v. Cooke, 267 Ala. 424, 103 So.2d 791.

Appellant assigns as error the refusal to give requested written charge 20, which reads:

"The Court charges the Jury, that, the defendant was not obligated to warn, or instruct, the plaintiff in respect to risks arising out of, or incident to, his employment, of which the plaintiff had full knowledge and appreciation."

■■ A charge which merely states an abstract proposition of law without instructing the jury as to its effect upon the issues in the case on trial may be refused without error. Moore v. Cooke, 264 Ala. 97, 84 So.2d 748; Frith v. Studdard, 267 Ala. 315, 101 So.2d 305. Moreover, the charge was misleading in that it might be understood as charging assumption of risk. The act specifically deprives the common carrier of that defense where the carrier has been negligent. 45 U.S.C.A. § 54.

It is argued that the court erred in refusing to give charge 21 which reads:

"The Court charges the Jury, that, a person of the age and intelligence of the plaintiff, at the time of and on the occasion complained of, is presumed to comprehend all patent, or obvious, dangers incident to, or arising out of, his employment, which may be discovered by the exercise of reasonable care and prudence on his part."

We think the charge is abstract as pointed out in our discussion of charge 20. Furthermore, it could be construed as refusing recovery on the ground of contributory negligence, whereas, contributory negligence does not bar recovery, but damages may be diminished by reason of such negligence on the part of the employee. 45 U.S.C.A. § 53.

Assignment of error 4 is based upon the refusal of the trial court to give a sole proximate cause charge, No. 12.

We held in Mobile Cab & Baggage Co. v. Armstrong, 259 Ala. 1, 65 So.2d 192, and Holmes v. Birmingham Transit Co., 270 Ala. 215, 116 So.2d 912, that a sole proximate charge is properly given when under the issues and the evidence, only primary negligence is involved and there is no issue of contributory negligence, subsequent negligence or wantonness.

■ We have already pointed out that contributory negligence of the appellee was

**568**

an issue in the instant case—not that it would bar recovery but would diminish the amount of damages to which appellee should be awarded. No reversible error occurred in the refusal to give Charge No. 12.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.