136 So.2d 190

**LOUISVILLE AND NASHVILLE RAILROAD CO.**

v.

**H. M. CRIM.**

6 Div. 382.

Supreme Court of Alabama.

Dec. 21, 1961.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal by defendant from a judgment in favor of plaintiff for $7,000, rendered on September 27, 1958, and from an order overruling defendant's motion for a new trial, rendered on November 7, 1958, said motion being filed and presented to the trial court on October 24, 1958.

Plaintiff brought this action against the railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. to recover for back injuries allegedly received while carrying out the duties of his employment. Plaintiff states his claim, in the four counts submitted to the jury, on the allegations, in substance, that the injury was the proximate result, in whole or in part, of the negligence of the officers, agents, or em-

ployees of defendant, acting within the line and scope of their employment, or by reason of defective or insufficient equipment, or the failure of the employer to provide him with a reasonably safe place to work, or the failure of the employer to furnish to plaintiff sufficient and competent help to do the work assigned to the plaintiff.

Defendant interposed a plea in short by consent, with leave to both parties to give in evidence any matters admissible if well pleaded in defense to said counts, or in reply to any defense.

Plaintiff and two other employees were working in the pit at the Diesel Shop on a diesel engine part. The pit was 50 feet long, 4 feet wide and approximately 4½ feet deep. At some place in the pit, the men were unable to work in a complete upright position, but had to bend over. The men used three oak blocks, ranging in weight from 40 to 45 pounds to 85 to 90 pounds, which were placed under a jack which was then used to raise the motor of the engine. They were instructed to throw the blocks out of the pit and to clean the pit at the completion of their work. The floor of the pit had oil on it and the blocks were oil soaked. The two employees working with plaintiff both suffered from a hernia condition, one having a "double rupture" and wearing a double truss; the other having recently returned to work after undergoing an operation for hernia. Both plaintiff and defendant knew of these conditions. It was the practice in the shop to help each other and to "favor" the employees with physical handicaps. When plaintiff and the other two employees finished the work, they cleaned up the pit, plaintiff throwing the blocks out while the other two gathered up other tools and equipment. Plaintiff neither asked for nor was offered any assistance with the three blocks. It was while throwing the blocks out that he alleges he hurt his back. There was considerable testimony concerning the severity of the injury and pain, the cost of treatment, and the length of the difficulty, but since the amount of the verdict is not argued, we do not feel it nec-

essary to set out in detail the evidence on these questions.

The contention of the appellant in his argument seems to be the failure of the plaintiff to adequately show that this injury was the proximate result of any misconduct or negligence of the defendant.

█ Only assignments of error 1, 2 and 17 are argued by appellant. It will be deemed that all other assignments of error are waived and, therefore, will not be considered by the Court. Supreme Court Rule 9(d).

█ Assignments of error 1 and 2 are directed toward the refusal of the trial court to give two written charges, each of which was the general affirmative charge with hypothesis. They are as follows:

"1. If you believe the evidence in this case, your verdict should be in favor of the defendant.

"2. If you believe the evidence in this case, you cannot return a verdict in favor of the plaintiff and against the defendant."

It is argued by appellant that there is no evidence to sustain the various allegations of negligence in any of the four counts upon which plaintiff based his case. Because of this lack of evidence, the appellant contends, the defendant was entitled to have the jury instructed as above indicated.

This precise question has been discussed on many occasions by this Court, our conclusions being well stated in the case of Atlantic Coast Line R. Co. v. McMoy, 261 Ala. 66, 73 So.2d 85, 90, in which the Court stated:

"Error is predicated on the refusal of the court to give the general affirmative charge with hypothesis. It is well understood that actionable negligence may be established by circumstantial evidence. Atlantic Coast Line R. Co. v. Taylor [260], Ala.Sup. [401] 71 So.2d 27; Atlanta & St. Andrews

Bay Ry. Co. v. Burnett, 259 Ala. 688, 68 So.2d 726; Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Tennant v. Peoria & P. U. R. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520. Furthermore, where the affirmative charge was refused the defendant, the entire evidence must be viewed in its most favorable aspect to the plaintiff and where this is done and a reasonable inference may be drawn adverse to the party requesting the affirmative charge, such charge is properly refused. Atlantic Coast Line R. Co. v. Taylor, supra, and cases cited therein. Furthermore this court must follow the interpretation put upon the Federal Employers' Liability Act by the Supreme Court of the United States and that court has held that it is no answer to say that the jury's verdict involved speculation and conjecture. This court in keeping with decisions of the Supreme Court of the United States, has held in Atlantic Coast Line R. Co. v. Taylor, supra, and Atlanta & St. Andrews Bay Ry. Co. v. Burnett, supra, and Louisville & N. R. Co. v. Steel, 257 Ala. 474, 59 So.2d 664, that the affirmative charge is properly given only when there is a complete absence of probative facts to support the plaintiff's claim of negligence on the part of the railroad."

The holding in the McMoy case, supra, is amply supported in the case of Louisville & Nashville Railroad Company v. O. E. Cooke, 267 Ala. 424, 103 So.2d 791, and Atlantic Coast Line R. Co. v. Taylor, 260 Ala. 401, 71 So.2d 27.

This Court, in keeping with the above decisions, has held that the affirmative charge is properly given only where there is a complete absence of probative facts to support the plaintiff's claim of negligence on the part of the railroad. While we make no attempt to detail the evidence, other than as above indicated, after a careful review of all the evidence, we are to the conclusion that the general affirmative charge with hypothesis was properly refused.

■ Assignment of error 17 complains of the trial court's refusal to grant appellant's motion for a new trial. We have already indicated that there was some evidence to support the verdict and "the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740.

■ The verdict is strengthened when the presiding judge refuses to grant a new trial, and the verdict should not be set aside because it may not correspond with the opinion of the court as to the weight of the testimony or because it is against the mere preponderance of the evidence. Louisville & Nashville R. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288; Simpson v. Birmingham Electric Co., 261 Ala. 599, 75 So.2d 111; Montgomery City Lines v. Davis, 261 Ala. 491, 74 So.2d 923; Gulf, M. & O. R. Co., v. Sims, 260 Ala. 258, 69 So.2d 449.

We find no error in the record and the case is affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.