204 So.2d 808

**SOUTHERN RAILWAY COMPANY**

v.

**Johnny Ray REEDER.**

**6 Div. 334.**

Supreme Court of Alabama.

Oct. 5, 1967.

Rehearing Denied Dec. 21, 1967.

Cabaniss, Johnston, Gardner & Clark, Birmingham, for appellant.

Rives, Peterson, Pettus & Conway, Birmingham, for appellee.

LAWSON, Justice.

This is a suit instituted by Johnny Ray Reeder against Southern Railway Company under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for injuries alleged to have been sustained by Reeder on September 23, 1961.

The case went to the jury on plaintiff's Count 1 and defendant's plea of the general issue in short by consent.

A verdict in the amount of $25,000 was returned by the jury in favor of the plaintiff and from the judgment rendered thereon and from the judgment overruling its motion for new trial the defendant brings this appeal.

The pertinent parts of plaintiff's Count 1 read as follows:

"* * * on to-wit, September 23, 1961 the defendant was a common carrier by railroad and as such common carrier was engaged in the business of operating a railroad for the transportation of freight in interstate commerce and in connection therewith the defendant operated a freight train between Sheffield, Alabama and Memphis, Tennessee, known as the Memphis Lay Over Local No. 63, and plaintiff avers that on said date plaintiff was employed by the defendant as a Railroad Brakeman and as such Railroad Brakeman was a member of train crew of the aforesaid Memphis Lay Over Local and plaintiff avers that a part of the duties of his said employment by the defendant was in the furtherance of such aforesaid interstate commerce or directly or closely and substantially affected such interstate commerce, and plaintiff avers that on said date when the aforesaid Memphis Lay Over Local was approaching the East Switch to the Passing Track of the defendant at Chewalla, Tennessee, he was directed by the Engineer of the train to get off of the engine and to run and throw the said East Switch so that the train could move from the Main Line Track of the defendant to the said Passing Track without stopping the train, and plaintiff avers that in obedience to the said directions of the Engineer of the train he got off of the engine and hurriedly went to and threw said East Switch and plaintiff avers that due to the hurried manner in which he was required to throw the switch he did not have sufficient time to get a secure footing and to place his body to throw the switch so as to avoid a twisting of his body and plaintiff was caused to throw the switch while in an awkward position and thereby suffered a catch in his right leg and pain in his back, * * *; and plaintiff avers that he was caused to suffer all his aforesaid injuries and damage as the proximate result, in whole or in part, of the negligence of the defendant in that the aforesaid Engineer of the defendant, while acting within the line and scope of his employment by the defendant negligently directed plaintiff to throw the aforesaid East Switch at the Passing Track of defendant at Chewalla, Tennessee, in a hurried manner which required the plaintiff to throw the switch while in an awkward position with resultant injury and damage to the plaintiff as aforesaid. * * *"

The defendant's Assignment of Error 1 reads: "The Court charges the jury that if you believe the evidence you cannot find a verdict in favor of the plaintiff under Count 1 of the complaint."

■ In cases brought under the Federal Employers' Liability Act this court is controlled by the decisions of the Supreme Court of the United States.—Louisville & N. R. Co. v. Cooke, 267 Ala. 424, 103 So.2d 791, and cases cited.

■ In regard to the question of submission to the jury of a case brought under the Federal Employers' Liability Act, the Supreme Court of the United States said in Rogers v. Missouri Pac. R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, as follows:

"Under this statute [F.E.L.A.] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may

be drawn that negligence of the employer played any part at all in the injury or death. * * *

"The Congress when adopting the law was particularly concerned that the issues whether there was employer fault and whether that fault played any part in the injury or death of the employee should be decided by the jury whenever fair-minded men could reach these conclusions on the evidence."

■ This court, in keeping with the decisions of the Supreme Court of the United States in cases brought under the Federal Employers' Liability Act, has held that the affirmative charge is properly given only where there is a complete absence of probative facts to support plaintiff's claim of negligence on the part of the railroad.— Louisville & N. R. Co. v. Steel, 257 Ala. 474, 59 So.2d 664; Atlantic Coast Line R. Co. v. McMoy, 261 Ala. 66, 73 So.2d 85; Atlanta & St. Andrews Bay Ry. Co. v. Burnett, 259 Ala. 688, 68 So.2d 726.

■ In reviewing the evidence where, as here, the affirmative charge was refused the appellant, we are, of course, guided by the oft-stated rule that the entire evidence must be viewed in its most favorable aspect to the appellee, and where this is done and a reasonable inference may be drawn adverse to the party requesting the affirmative charge, such a charge is properly refused.— Louisville & N. R. Co. v. Cooke, supra, and cases cited.

We hereafter summarize the tendencies of the evidence in the light most favorable to Reeder, the appellee.

On September 23, 1961, Reeder was employed as the head brakeman on the Memphis Lay Over Local, working from Sheffield, Alabama, to Memphis, Tennessee, handling local freight at various stops along the way. On that date the defendant's railroad had in force its Rule No. 1078, which required trainmen and brakemen while riding on the engine to obey the orders of the engineer.

At Chewalla, Tennessee, where Reeder suffered his injury, the main line is a single track and there is a passing or side track about one mile in length and straight.

The train, consisting of one locomotive pulling from sixteen to eighteen cars and a caboose, was to meet two first class trains and yield to them by getting off the main line and onto the passing track.

The engineer, the appellee, who was serving as head brakeman, and the fireman were riding in their customary places on the engine.

As the train, traveling six or seven miles per hour, approached to within sixty or sixty-five feet of the switch to the passing track, the engineer "asked" or "told" Reeder to run and throw the switch so that it would not be necessary for him, the engineer, to stop the train. Whether Reeder was asked, told, ordered, directed, commanded or requested to take this action, it is clear from the evidence that Reeder was obligated to obey the engineer. An order does not have to be phrased in command terms.

Reeder got off the engine and ran down the side of the track ahead of the engine to throw the switch.

By the time Reeder arrived at the switch he did not have time to set his feet firmly or to get into the customary and proper position to throw the switch. His body was in an awkward and twisted position when he threw the switch and as he did so he felt pain in his back, which ran down his right leg. It was later determined that Reeder had suffered an injury to his back, a ruptured disc. An operation was performed later on Reeder's back by a neurosurgeon in Memphis, Tennessee, where Reeder lived.

The proper course for the engineer to follow in order to have a switch thrown so as to move a train from the main line onto a side track is to stop the train and allow the head brakeman sufficient time to get off the engine and properly position himself

before throwing the switch. This was confirmed by the engineer, who also admitted that it was Reeder's duty to obey his orders.

In fact, the engineer, a witness for the defendant railroad, testified that the train was stopped before Reeder left the engine. Howver, as indicated above, Reeder's testimony was to the contrary.

Appellee has cited several cases in support of the trial court's action refusing Charge No. 1. In its reply brief the appellant has undertaken to distinguish these cases on the facts. We agree that the factual situations in the cited cases are different from that presented in the case at bar. But we do not think any useful purpose would be served in discussing those cases in this opinion.

■ We entertain the view that under the prevailing decisions of the Supreme Court of the United States, a jury question was presented as to whether the engineer was guilty of negligence and as to whether such negligence was the proximate cause of the injury which Reeder sustained. See the decisions of the Supreme Court of the United States cited in Louisville & N. R. Co. v. Cooke, supra, in support of our holding that the affirmative charge with hypothesis was properly refused the defendant in that case. We do not think the decision of the Supreme Court of the United States in Inman v. Baltimore & Ohio R. Co., 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198, leads to a contrary result. See Louisville & N. R. Co. v. McElveen, 270 Ala. 600, 120 So.2d 884.

We hold that the trial court did not err in refusing to give defendant's written requested Charge No. 1, which we have set out above. The same holding applies to the other written affirmative charges which the trial court refused to give at the defendant's request.

The defendant below, the appellant, argues that the trial court committed reversible error in refusing to give at the defendant's request the two written charges set out below:

15. "The Court charges the jury that unless you are reasonably satisfied from the evidence that the engineer of the train negligently directed plaintiff to throw the switch in a hurried manner, you cannot find a verdict in favor of plaintiff under Count One of the complaint."

16. "The Court charges the jury that unless you are reasonably satisfied from the evidence that the engineer of the train negligently directed the plaintiff to throw the switch in a hurried manner which required plaintiff to throw the switch while in an awkward position, you cannot find a verdict in favor of plaintiff under Count One of the complaint."

Both of these charges concern themselves with the negligence of the engineer in directing the plaintiff to throw the switch in a hurried manner, which was the gravamen of Count One on which the case went to the jury.

■ The court's oral charge does not contain the precise language which defendant included in written Charges 15 and 16. But we are of the opinion that "the same rule of law was substantially and fairly given to the jury" in the oral charge given to the jury by the able and experienced trial judge and that is all that is required by the provisions of § 273, Title 7, Code 1940, which reads in pertinent part as follows:

" * * * The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. * * *"

A party has no right to secure a reversal for the refusal of a charge when its words express the same thought already given

**464**

the jury in effect.—Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697.

We hold that the judgment of the trial court should not be reversed because of the failure to give defendant's written requested Charges 15 and 16.

Appellant asserts that the trial court erred in refusing to grant its motion for a new trial on the grounds that the verdict was contrary to "the weight of the evidence, the great weight of the evidence and the great preponderance of the evidence."

■ We have already indicated that there was some evidence to support the verdict and "the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."—Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740.

■■ The verdict is strengthened when the presiding judge refuses to grant a new trial, and the verdict should not be set aside because it may not correspond with the opinion of the court as to the weight of the testimony or because it is against the mere preponderance of the evidence.—Louisville & N. R. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288; Simpson v. Birmingham Electric Co., 261 Ala. 599, 75 So.2d 111; Montgomery City Lines v. Davis, 261 Ala. 491, 74 So.2d 923; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449. See Louisville & N. R. Co. v. Crim, 273 Ala. 114, 136 So.2d 190, and Louisville & N. R. Co. v. Cooke, supra.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.