**Morgan YAWN, Jr., et al.,**
**Plaintiffs-Appellants,**

v.

**SOUTHERN RAILWAY COMPANY, etc.,**
**et al., Defendants-Appellees.**

**Nos. 77–1036 thru 77–1042.**

United States Court of Appeals,
Fifth Circuit.

March 16, 1979.

Frank O. Burge, Jr., Michael A. Florie, Birmingham, Ala., for plaintiffs-appellants in all cases.

Charles E. Sharp, Birmingham, Ala., for Central of Georgia Railroad Co. and defendants-appellees in all cases.

William F. Gardner, Birmingham, Ala., for Southern Railway Co. and defendants-appellees in all cases.

Before MORGAN, RONEY and VANCE, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellants, seven clerical employees of the appellee railroad companies, filed companion lawsuits under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., in an Alabama state court seeking to recover damages for personal injuries allegedly resulting from the railroads' negligence. In

identical complaints, the employees claimed that the railroads negligently failed to provide them with adequate help and adequate time with which to do their jobs thereby causing them to suffer physical pain, mental anguish, and gastrointestinal disturbances. The railroads moved to federal court on the ground that the employees' claims were in reality "minor" disputes arising under the Railway Labor Act, 45 U.S.C. § 151 et seq., and therefore subject to that Act's grievance and arbitration procedures. The parties' positions were extensively briefed and orally argued before the district court on October 21, 1976. Reasoning that the employees had cast what were clearly grievance claims in the form of FELA cases in order to avoid the grievance procedure and the National Railroad Adjustment Board, the district court denied the employees' motions to remand to state court and granted the railroads' motions to dismiss the suits without prejudice to the employees' rights to pursue their remedies under the procedures established by the Railway Labor Act. The issue on this appeal is whether the district court erred in failing to grant the employees' motions to remand to state court. Because FELA suits filed in state courts are nonremovable under 28 U.S.C. § 1445(a), we conclude that the case must be remanded.

█ The primary purpose of the Railway Labor Act is "to avoid any interruption to commerce or to the operation of any carrier engaged therein" by promoting industrial peace and eliminating, as far as possible, the danger of strikes on railroads. 45 U.S.C. § 151a; *Virginian Ry. v. System Federation No. 40*, 300 U.S. 515, 547, 57 S.Ct. 592, 81 L.Ed. 789 (1937); *International Ass'n. of Machinists v. Central Airlines, Inc.*, 295 F.2d 209 (5th Cir. 1961). Toward this end, the Act establishes a grievance and arbitration procedure providing for "the prompt and orderly settlement of all disputes growing out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or *working conditions.*" 45 U.S.C. § 151a (emphasis added). The Supreme Court has stated that "this statutory grievance proce-

dure is a mandatory, exclusive, and comprehensive system for resolving grievance disputes." *Brotherhood of Locomotive Engineers v. Louisville & N. R.R.*, 373 U.S. 33, 38, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172 (1963). *See Andrews v. Louisville & N. R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972).

The railroads contend that the employees attempted to circumvent this mandatory procedure by the artful pleading of a FELA action. They urge that the district court was not required to accept the employees' characterization of their claims but was entitled to examine the facts of the case in making its assessment as to the "real nature" of the claims. *Villarreal v. Brown Express*, 529 F.2d 1219 (5th Cir. 1976); *Universal Communications Corp. v. Burns*, 449 F.2d 691 (5th Cir. 1971). In support of its position that these FELA claims were a mere ruse designed to avoid the grievance procedures and the National Railroad Adjustment Board, the railroads point out that these claims arose out of the elimination of certain jobs and are nothing more than an assertion by the employees that they are being required to work too hard. Such claims, they argue, are classic "minor" disputes over working conditions which must be submitted to the Act's mandatory grievance and arbitration procedures.

The employees deny that they artfully pleaded a nonremovable cause of action in order to avoid the grievance and arbitration procedures of the Railway Labor Act. On the contrary, they assert that their allegations of negligence and personal injury state substantial causes of action under the Federal Employers' Liability Act and, for that reason, cannot be removed to federal court. *See* 28 U.S.C. § 1445(a).

█ Section 1 of the Federal Employers' Liability Act, 45 U.S.C. § 51, establishes a railroad's liability for negligent injury to its employee:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories . . shall be liable in damages to any person

suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

The Act does not propose to define negligence, but rather leaves that task to the common law as announced by the federal courts. *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949); *Escandon v. Pan American Foreign Corp.*, 88 F.2d 276, 277 (5th Cir. 1937). In deciding questions of negligence, the courts have uniformly recognized that a railroad is under a nondelegable duty to provide its employees with a reasonably safe place to work. *Nivens v. St. Louis S.W. Ry.*, 425 F.2d 114 (5th Cir. 1970); *Fort Worth & D. Ry. v. Smith*, 206 F.2d 667 (5th Cir. 1953). As a corollary to this duty to maintain safe working conditions, the carrier is required to provide its employee with sufficient help in the performance of the work assigned to him. *Blair v. Baltimore & O. R.R.*, 323 U.S. 600, 65 S.Ct. 545, 89 L.Ed. 557 (1945). Where the failure to provide sufficient help proximately causes injury to the employee, the carrier is liable for negligence under the provisions of the FELA. *Deere v. Southern Pac. Co.*, 123 F.2d 438 (9th Cir. 1941), *cert. denied*, 315 U.S. 819, 62 S.Ct. 916, 86 L.Ed. 1217 (1942); *Reynolds v. Atlantic Coast Line R.*, 251 Ala. 27, 36 So.2d 102 (1948); *Louisville & N. R.R. v. Crim*, 273 Ala. 114, 136 So.2d 190 (1961).

The employees rely on the above principles as providing a basis for carrier liability in this case should they prove their allegations of negligence and injury. The overwhelming majority of the "insufficient help" cases, however, concern employees who suffered some demonstrable physical injury, usually a back injury sustained while attempting to lift too heavy an object. *Southern Ry. v. Welch*, 247 F.2d 340 (6th Cir. 1957) (ruptured disc sustained when moving rails); *Masiglowa v. New York, C. & St. L. R.R.*, 135 F.Supp. 816 (N.D.Ohio 1955) (back injury sustained while lifting planks); *Missouri Pac. R.R. v. Sparks*, 424 S.W.2d 12 (Tex.Civ.App.1967) (hernia sustained while moving mail bag). The employees cite only one FELA case in which the plaintiff's injury was the type of borderline mental-physical injury alleged in this case. *McMillan v. Western Pacific R.R.*, 54 Cal.2d 841, 9 Cal.Rptr. 361, 357 P.2d 449 (1960). There the employee, a train dispatcher, alleged that his employer's negligence in subjecting him to working conditions involving clerical functions of unusual responsibility imposed such stress on his physical and nervous systems that he suffered a severe nervous collapse. The only question before the court was whether the complaint stated a cause of action under the FELA. The court held that these allegations were "clearly sufficient" to state a cause of action for injuries resulting from the railroad's negligence.

In *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), the Supreme Court held that the FELA should be liberally construed as covering "any injury" caused by the carrier's negligence, including injuries attributable to the employees' working conditions:

We recognize, of course that, when the statute was enacted, Congress' attention was focused primarily upon injuries and death resulting from accidents on interstate railroads. Obviously these were the major causes of injury and death resulting from railroad operations. But accidental injuries were not the only ones likely to occur. And *nothing in either the language or the legislative history discloses expressly any intent to exclude from the Act's coverage any injury resulting "in whole or in part from the negligence"* of the carrier. If such an intent can be found, it must be read into the Act by ·sheer inference.

The language is as broad as could be framed: "any person suffering injury while he is employed"; "such injury or death resulting in whole or in part from the negligence of any of the officers,

agents, or employees of such carrier"; "by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances," etc. On its face, *every injury suffered by any employee* while employed by reason of the carrier's negligence *was made compensable. The wording was not restrictive as to* the employees covered; *the cause of injury*, except that it must constitute negligence attributable to the carrier; *or the particular kind of injury resulting.*

*To read into this all-inclusive wording a restriction as to* the kinds of employees covered, the degree of negligence required, or *the particular sorts of harm inflicted, would be contradictory to the wording, the remedial and humanitarian purpose, and the constant and established course of liberal construction of the Act followed by this Court.*

337 U.S. at 181–82, 69 S.Ct. at 1030 (emphasis added). We need not consider at this time whether *Urie* is persuasive authority in support of these employees' argument that the allegations of their complaints state a cause of action under the FELA. As we explain below, the initial resolution of this question is entrusted to the Alabama state court where these suits were originally filed.

These cases were removed to federal court pursuant to 28 U.S.C. § 1441 on the ground that they are actions arising under the Railway Labor Act. In accepting the railroads' argument that these claims were in essence minor disputes which the employees must submit to the prescribed grievance and arbitration procedures, the district court did not discuss or cite the statute expressly prohibiting the removal of FELA suits to federal court. That statute provides as follows:

> A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51 to 60 of Title 45, may not be removed to any district court of the United States.

28 U.S.C. § 1445(a). We think that the language of this statute and the applicable case law require that these cases be remanded to the Alabama state court.

"Congress has unequivocally declared that in FELA suits filed in state courts, the federal courts are without jurisdiction to proceed in the matter until the cause has run its course at the state level." *Gamble v. Central of Ga. Ry.*, 486 F.2d 781 (5th Cir. 1973). The initial question is whether the prohibition against removal found in section 1445(a) applies when the defendant asserts that the complaint fails to state a cause of action under the FELA. We think that it does. *See Smith v. Camas Prairie Ry.*, 216 F. 799 (D.C.Idaho 1914), cited by this court in *Porter v. St. Louis-San Francisco Ry.*, 354 F.2d 840, 844 (5th Cir. 1966). Consequently, a defendant who asserts that the state court erred in assessing the sufficiency of the FELA complaint cannot, for that reason, remove the suit but must pursue his arguments through state court channels before appealing to the federal courts for relief. However, where the allegations of the complaint are made in a fraudulent attempt to evade removal, the case is removable and should not be remanded to state court. *Great Northern Ry. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918); *Boyle v. Chicago, R.I. & P. Ry.*, 42 F.2d 633, 634 (8th Cir. 1920). ("[T]he federal court has a right and a duty to determine the issue of fraudulent statement where such is presented, and, if that statement is properly sustained, the jurisdiction attaches."). The burden of proving that the allegations of the complaint were fraudulently made is on the party seeking to remove the FELA suit, and any doubts should be resolved in favor of the plaintiff. *Boyle, supra*, 42 F.2d at 635; *Farmers Bank & Trust Co. v. Atchison T. & S.F. Ry.*, 25 F.2d 23 (8th Cir. 1928).

The railroads assert that these employees artfully pleaded a FELA cause of action in order to avoid the grievance procedures mandated by the Railway Labor Act. However, the mere assertion of fraud is not sufficient to warrant removing the case to federal court. Moreover, the assertion that the provisions of the Railway Labor Act relate to matters of substance and not form

cannot obscure the fact that the "substance" of these complaints is an action alleging physical injury caused by the railroads' negligence. "The Railway Labor Act . . . has no application to a claim for damages to the employee resulting from the negligence of an employer railroad." *Barnes v. Public Belt R.R. Comm'n.*, 101 F.Supp. 200 (E.D.La.1951). We hold that the railroads failed to prove that the employees' allegations of negligence and injury are so baseless as to constitute a fraudulent attempt to evade removal to federal court.

The basic theme of the railroads' argument is that since the employees' claims are in essence a minor dispute over working conditions, they must be submitted to grievance procedure resolution. Although the "Adjustment Board is an expert body designed to settle 'minor' disputes that arise from day to day in the railroad industry," *Diamond v. Terminal Railway Alabama State Docks*, 421 F.2d 228, 233 (5th Cir. 1970), the Board is not entrusted with the function of resolving personal injury claims. If an employee can establish physical injury caused by carrier negligence, he is entitled to damages under the FELA. Any allegation of railroad negligence in failing to provide an employee with sufficient help could be characterized as a dispute over working conditions. However, the fact that an employee suffers injury because of unsafe working conditions does not preclude access to the FELA. Thus, if an employee engaged in repairing tracks is injured because he was furnished insufficient help to perform the task, the railroad will not be heard to argue that the employees' FELA suit is removable because it concerns a dispute over working conditions. *See generally* the "insufficient help" cases cited above. The fact that these employees did not claim to have suffered a back injury but alleged a less substantial physical injury does not require a different result in this case.

Furthermore, the Supreme Court's decision in *Andrews v. Louisiana & N. R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1971), cited by the railroads, is not inconsistent with our holding. In that case a railroad worker sought damages in state court for "wrongful discharge," alleging that following an automobile accident the railroad refused to allow him to return to work despite the fact that he had fully recovered from his injuries. After removal by the railroad, the district court dismissed the complaint because of the failure to exhaust his administrative remedies under the Railway Labor Act. This court affirmed at 441 F.2d 1222 (5th Cir. 1971). In affirming our decision, the Supreme Court overruled *Moore v. Illinois Central R.R.*, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 410 (1941), which held that an employee alleging wrongful discharge could elect to proceed under the Railway Labor Act or sue in state court for breach of contract. The Court held that "the notion that the grievance and arbitration procedures provided for minor disputes in the Railway Labor Act are optional . . . was never good history and is no longer good law." *Andrews, supra*, 406 U.S. at 322, 92 S.Ct. at 1564. However, in *Andrews*, unlike the present case, the employee's right to sue for wrongful discharge stemmed entirely from the collective bargaining agreement and the provisions of the Railway Labor Act:

> Here it is conceded by all that the only source of petitioner's right not to be discharged, and therefore to treat an alleged discharge as a "wrongful" one that entitles him to damages, is the collective-bargaining agreement between the employer and the union.

406 U.S. at 324, 92 S.Ct. at 1565. The source of these employees' right not to be negligently injured is not found in the collective bargaining agreement but derives from an express statutory provision designed to provide employees a means of compensation for on-the-job injuries resulting in whole or in part from the railroad's negligence. The principles articulated in *Andrews* do not require removal in this case.

The judgment of the district court refusing to remand the cases to the Circuit

Court for the Tenth Judicial Circuit of Alabama is reversed with directions that the cause be remanded.

REVERSED and REMANDED.