HOLMES, Judge.
This is an appeal from a case brought under the Federal Employers’ Liability Act (FELA), 45 U.S.C. §§ 51-60 (1982).
The plaintiff, Cleveland Kite, sued the defendant, Louisville & Nashville Railroad Company, for injuries suffered as a result of his employment with defendant. A jury returned a verdict in favor of the plaintiff in the amount of $2,750. Plaintiff, through able and distinguished counsel, appeals, and we affirm.
The dispositive issue is whether the trial court erred in charging the jury as to contributory negligence.
The pertinent facts as revealed by the record are as follows: Plaintiff was employed as a diesel mechanic with defendant. On July 2, 1980, plaintiff was engaged in the process of replacing an air valve on a locomotive engine. During the course of lifting the seventy-five pound air valve into proper position for installation, the plaintiff suffered a ruptured disc in the lower part of his back.
FELA cases are governed by the decisions of the federal courts. See Salotti v. Seaboard Coast Line Railroad Co., 293 Ala. 1, 299 So.2d 695 (1974); Louisville & Nashville Railroad Co. v. Cooke, 267 Ala. 424, 103 So.2d 791 (1958); Seaboard Coast Line Railroad Co. v. McDaniel, 56 Ala. App. 322, 321 So.2d 664 (Ala.Civ.App.1975).
The FELA provides that contributory negligence “shall not bar a recovery” and shall serve only to diminish damages in “proportion to the amount of negligence attributable to such employee.” 45 U.S.C. § 53 (1982). A defendant is entitled to a contributory negligence jury instruction if there is any evidence to support that theory. Meyers v. Union Pacific Railroad Co., 738 F.2d 328 (8th Cir.1984); Wilson v. *1174 Burlington Northern, Inc., 670 F.2d 780 (8th Cir.1982).
In determining whether an instruction on contributory negligence is proper in an FELA case, it is necessary to examine the facts of the particular case. In an FELA case, the burden of proving contributory negligence is upon the defendant. Wilson, 670 F.2d at 782.
The issue of contributory negligence in the case at bar centers on the method used by the plaintiff in his installation of the air valve. While it is undisputed that the replacement of the air valve is strictly a one-person job, the proper method necessary for safe installation of the air valve is in dispute.
Plaintiff testified that he installed the air valve from a sitting position, facing the cabinet into which the valve was to be placed. After removing the old valve and allowing it to drop down, plaintiff reached to his right and rolled the new valve up on his leg for the purpose of positioning. Plaintiff then balanced the valve upon his legs, utilizing his hands to help support the valve. From this position plaintiff moved the valve toward its proper placement, all the time supporting his elbows upon his knees. As plaintiff neared placing the valve upon the “studs” within the cabinet, his elbows left their support position on his knees. With his arms extended, holding the seventy-five pound valve, plaintiff injured his back.
It is the defendant’s^ contention that plaintiff contributed to his injury, by using the method described above. Specifically, defendant contends that the plaintiff injured himself by not using his knees for supporting the weight during the entire process of placing the valve into proper position.
Testimony was presented in support of defendant’s position by several witnesses who had experience replacing the air valve on locomotive engines. While each witness had his own style of replacing the valve, each testified that it was crucial to support the weight of the air valve by using the knees as a crutch. Most of the witnesses testified that it was possible to support this weight during the entire procedure of placing the air valve into proper position.
Additional testimony revealed that the extension of one’s arms with such weight, as the air valve, would be dangerous.
In light of the above facts, we cannot say that the trial court erred in giving the jury instructions as to contributory negligence. There is ample evidence to suggest that the plaintiff did not exercise due care in his installation of the air valve. This was a proper question for the consideration of the jury in light of the facts.
We note that the plaintiff in his excellent brief alludes to the fact that he was never given instruction by the defendant in the method of performing the instant task. Suffice it to say that, in view of the plaintiff’s vast experience as a diesel mechanic, we find no solace for the plaintiff in this contention. This is particularly true in view of what we have said above. .
This case is due to be, and it is hereby, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.