**Woody Raymond MOAK**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY.**

**Civ. A. No. 92–822–A.**

United States District Court, M.D. Louisiana.

Nov. 30, 1992.

---

Jerry Joseph McKernan, Friedman, McKernan and Gold, Baton Rouge, La., for plaintiff.

Douglas K. Williams, Breazeale, Sachse & Wilson, Baton Rouge, La., for defendant.

## RULING ON MOTION TO REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the court on motion by plaintiff to remand.[1] An opposition has been filed by defendant, Illinois Central Railroad Company. There is no need for oral argument. Removal jurisdiction is allegedly based upon the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq.

On August 21, 1992, plaintiff filed this action in the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, seeking damages for back injuries received during the course and scope of his employment as well as for mental anguish, physical impairment and disfigurement, loss of earnings, diminution in earning capacity, and medical expenses. According to plaintiff, his injuries are a result of "defendant's breach of duty to provide him with a safe means of doing his assigned work and to provide him with the tools to perform the work without risk of injury."[2] He further asserts that his "continual suffering and eventual disqualification [from his employment] resulted in whole or in part from the defendant's breach of duty to notify [him] that he had a medical restriction, not to lift any object weighing over sixty (60) pounds, imposed on him by ... defendant's physicians."[3]

On September 23, 1992, defendant filed a notice of removal on the grounds that certain of plaintiff's allegations constitute a "minor dispute" within the meaning of the Railway Labor Act which in turn makes the action properly removable to federal court.[4] Thereafter, on October 9, 1992, plaintiffs filed a motion to remand the case, essentially arguing that his suit is a personal injury action arising under the provisions of the Federal Employers' Liability Act ("FELA") and is not removable pursuant to 28 U.S.C. § 1445(a) which prohibits removal of civil actions brought in any state court

---

1. Additionally pending in this suit is a motion by defendant for partial dismissal of claims and to strike claims made by plaintiff. Because the court grants plaintiff's motion to remand herein, decision on this pending motion is not necessary.

2. Plaintiff's state court petition, para. 9.

3. Plaintiff's state court petition, para. 10.

4. Defendant does not dispute that plaintiff has properly alleged a cause of action under the FELA. Rather, it argues that in addition to the FELA claims, plaintiff has alleged claims in paragraphs 8–10 of his petition which arise under the RLA. Since the RLA claims are removable pursuant to federal question jurisdiction, defendant argues that the "separate and independent claim" removal rule in 28 U.S.C. § 1441(c) allows for the removal of the FELA claims (which are non-removable) along with the RLA claims.

against a railroad which arise under FELA.[5]

The FELA was enacted "to provide a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or their fellow employees."[6] By contrast, the purpose of the RLA is to provide a comprehensive framework for the resolution of "major" and "minor" labor disputes in the railroad industry.[7] A "minor dispute" is one "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions."[8] "Minor disputes must be dealt with through a railroad's internal dispute resolution processes, and if not settled there, may be submitted to a division of the Adjustment Board, or to a Public Law Board which is an arbitration board chosen by the parties."[9]

The court disagrees with defendant's characterization of plaintiff's allegations as including a claim for "wrongful discharge." The gravamen of plaintiff's petition is that defendant was negligent in failing: (1) to provide him with a safe place to work, (2) to provide him the proper tools to perform work, and (3) to inform him that medical restrictions had been placed upon him by defendant's physicians. The Fifth Circuit has recognized that a railroad has a "duty to provide its employees with a reasonably safe place to work" as well as "sufficient help in the performance of the work assigned to [them]".[10] The Fifth Circuit has also noted the mandate from the Supreme Court that the provisions of the FELA be broadly construed.[11]

Plaintiff's reference in his petition to his "discharge due to physical disability" as well as his allegation that his "eventual disqualification resulted ... from the defendant's breach of duty to notify plaintiff that he had a medical restriction, not to lift any object weighing over 60 pounds, ..." are not claims that defendant wrongfully terminated him. The mere use of the words "discharge" and "disqualification" does not convert an otherwise explanatory statement into a wrongful discharge claim.

Essentially, plaintiff's claim is not that defendant was wrong to fire him because he could not lift anything over 60 pounds, but rather that had defendant provided him with a safe work place and proper tools, and told him of the medical restriction which had been placed on him, then he would not have continued to have back pain and the subsequent disability. Plaintiff does not in the state court petition allege wrongful discharge—he alleges that defendant's negligence caused the disability which led to his discharge.

Neither does the fact that plaintiff has alleged a loss of earnings and diminution of earning capacity convert this action into a labor dispute within the purview of the RLA. These allegations constitute elements of plaintiff's damages; they do not constitute the claims upon which this suit is based.

Accordingly, the motion to remand filed by plaintiff is hereby GRANTED and this action will be remanded to the Nineteenth

---

5. 28 U.S.C. § 1445(a) reads: "A civil action in any state court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States."

6. *Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 561, 107 S.Ct. 1410, 1413, 94 L.Ed.2d 563 (1987).

7. Id., 48 U.S. at 562, 107 S.Ct. at 1414.

8. 45 U.S.C. § 153(i).

9. *Atchison,* supra, 480 U.S. at 562, 107 S.Ct. at 1414.

10. *Yawn v. Southern Ry. Co.,* 591 F.2d 312, 315 (5th Cir.1979).

11. *Gaston v. Flowers Transportation,* 866 F.2d 816, 818 (5th Cir.1989) ("Indeed, a liberal interpretation has traditionally been ascribed to the legislation.") (referring to the FELA); see also *Atchison,* supra, 480 U.S. at 561–62, 107 S.Ct. at 1413–1414 ("The coverage of the statute is defined in broad language, which has been construed even more broadly. We have recognized generally that the FELA is a broad remedial statute, and have adopted a 'standard of liberal construction in order to accomplish [Congress'] objects.'") (citations and footnotes omitted).