326 So.2d 292

**Alton BASWELL**

v.

**C. E. WILKS.**

**Civ. 645.**

Court of Civil Appeals of Alabama.

Jan. 21, 1976.

Beck & Beck, Fort Payne, for appellant.

Traylor, Baker & McGee, Fort Payne, for appellee.

HOLMES, Judge.

This is an appeal from a jury verdict and judgment thereon in favor of the plaintiff. The plaintiff sued defendant for work and labor done in the drilling of a well. Issue was joined and thereafter the jury returned a verdict for $1,887 against defendant. Hence, this appeal.

The properly presented and argued assignments of error (See Supreme Court Rule 9 and 2A Ala.Dig. *Appeal and Error,* ☜761.) urge the trial court erred to reversal in admitting into evidence two pages of a document entitled "The Handbook of Alabama Agriculture"; in refusing to grant a new trial in that a juror was related within the degree to plaintiff's attorney; and further, that the verdict is contrary to the weight and preponderance of evidence.

I

Plaintiff, in presenting his case, called one D. C. Poe as a witness. Mr. Poe testified he was an extension farm agent and had been so for eighteen years. Poe held a degree in agriculture from Auburn University. He identified the document re-ferred to above. The following then occurred:

"CONTINUATION BY MR. BAKER:

"Q. I will ask if this is a standard and recommended authority on the subject matter?

"MR. BECK: Objection. That is a conclusion on his part.

"THE COURT: On water usage?

"MR. BECK: Yes, sir; I object to that.

"THE COURT: I'm going to overrule right now.

"MR. BECK: We except."

The jury was then excused and thereafter the following transpired:

"BY MR. BECK:

"Q. Let me ask you this, Mr. Poe: This has to do with farms, doesn't it?

"A. Farms and farm homes.

"Q. What if it's just a house and a lot?

"A. Well, I'm just saying this.

"Q. I'm saying what if it's a house and a lot, it wouldn't apply to that?

"A. It would be similar.

"Q. How do you know it would?

"A. A house and a lot would use about the same thing.

"MR. BAKER: I'm not asking him to testify from personal knowledge. All he's asked to do is identify this book and he's done that. He's not testifying as an expert; all he's doing is identifying the book. I have not qualified him as an expert, nor have I tried to.

"MR. BECK: Which page are you offering?

"MR. BAKER: 439.

"MR. BECK: I offer 440.

"MR. BAKER: 439 and 440 are both in then.

THE COURT: All right, sir. By agreement, Mr. Beck, 440 will be introduced for the defendant?

"MR. BECK: Yes, sir.

\*    \*    \*    \*    \*    \*

"CONTINUATION OF DIRECT EXAMINATION BY MR. BAKER:

"Q. Just to clear this up then, Mr. Poe, this is a handbook published by Auburn University?

"A. That's right.

"Q. And is recognized as standard authority in the subject it contains?

"A. Yes, sir.

"MR. BAKER: That's all. You can be excused.

"MR. BECK: You can go.

"THE COURT: Can this witness be excused?

"MR. BECK: Yes, sir."

█ It is clear to this court that the pages from the document were introduced without objection. Matters not objected to at trial below cannot be raised for the first time on appeal. *Callahan v. Weiland*, 291 Ala. 183, 279 So.2d 451; *Colburn v. Mid-State Homes, Inc.*, 289 Ala. 255, 266 So.2d 865. In fact, it could be said that the pages were introduced by agreement. We would further note that it appears to this court the document would, in this instance, be admissible under the general principle that a treatise, essay, or pamphlet on a subject of science which is testified to by an expert as being a standard and trustworthy authority on the subject is admissible. McElroy, Law of Evidence In Alabama, 2d ed., vol. 2, pp. 268–269.

II

█ Distinguished counsel for the defendant's motion for new trial alleged that a juror failed to respond to the question whether any member of the jury venire "was related by blood or marriage to John M. Baker, attorney for Plaintiff", and that, in fact, one juror, A. J. Lindsey was related. The trial court denied the motion for new trial, finding that the juror was not disqualified.

Tit. 30, § 55(11), Code of Ala. 1940, provides in pertinent part that in a civil case it is good challenge for cause by either party if a juror is related by affinity within the fifth degree to any attorney in the cause to be tried.

To best explain the relationship of plaintiff's attorney to juror, A. J. Lindsey, we set out below a stipulation entered into by counsel for plaintiff and defendant.

"STIPULATION WITH REGARD TO MOTION FOR NEW TRIAL

"It is hereby stipulated and agreed that the following facts are true and correct.

"1. Alma Baker Lindsey is the sister of John H. Baker who is the grandfather of John M. Baker, attorney for the plaintiff. Alma B. Lindsey was married to A. Herman Lindsey, deceased, who has been dead for approximately eight to ten years. Alma Baker Lindsey and A. Herman Lindsey lived in California since about 1927. A. Herman Lindsey was a brother to A. J. Lindsey, who as a juror in the above styled cause.

"2. J. D. Tolbert is the son of Dewey and Lillie Tolbert. Lillie Tolbert was the sister of the mother of Excell Baker. Excell Baker was the father of John M. Baker. Therefore, J. D. Tolbert and Excell Baker were first cousins by blood and John M. Baker, Attorney for the Plaintiff, and J. D. Tolbert would therefore be second cousins. J. D. Tolbert married Lanette Lindsey Tolbert, who is the daughter of A. J. Lindsey, who was a juror in the above styled case.

"3. In qualifying the jury at the trial of the above case, the Judge asked if any member if [sic] the venire was related

by blood or marriage to John M. Baker, Attorney for Plaintiff. No juror, including A. J. Lindsey, made any response.

"Done this 21st day of May, 1975.

"S/ JOHN M. BAKER

"S/ W. M. BECK, SR.                    "

As seen from the above stipulation, plaintiff's counsel is not related by affinity in any degree to the juror Lindsey. In *Duke v. State,* 257 Ala. 339, 344, 58 So.2d 764, 768, cited to us by defendant, we find the following:

"The civil law method of computing degrees of kinship is to begin the count with one of the persons in question and proceed up to the common ancestor and then down to the other person, calling it a degree for each person both ascending and descending. The number thus counted expresses the degree of kinship. *Danzey v. State,* 126 Ala. 15, 28 So. 697; *Owen v. State,* 255 Ala. 354, 51 So.2d 541. It is obvious that the deceased and the juror are not related within the 5th degree. In fact they are not related by affinity at all. The relationship of affinity is that between one spouse of a subsisting marriage—in this case Mrs. Media Floy Giles, the deceased,—and the blood relatives of the other spouse. *Kirby v. State,* 89 Ala. 63, 8 So. 110, 111; *Lowman v. State,* 161 Ala. 47, 50 So. 43; *Cambron v. State,* 227 Ala. 575, 151 So. 443. The relationship between the parties here involved is a more remote one, viz., between the kinsmen of two persons married, the daughter of the deceased woman in this case and the first cousin of the daughter's husband. The rule was stated in the case of *Kirby v. State,* supra, as follows.

" ' "Affinity properly means the tie which arises from marriage betwixt the husband and the blood relatives of the wife, and between the wife and the blood relatives of the husband. But there is no affinity between the blood relatives of the husband and the blood relatives of the wife." The juror Bryant being a cousin of the stepfather of the deceased was related by affinity to the mother of deceased, but bore no relation to deceased himself, and was a competent juror.' "

In this instance Attorney Baker would be related by affinity to A. Herman Lindsey but not the brother of A. Herman Lindsey, juror A. J. Lindsey. Additionally, the attorney would be related to Lanette Lindsey Tolbert by affinity but not to Lanette Lindsey Tolbert's father, juror A. J. Lindsey. We therefore find the trial court did not err in denying the motion for new trial.

### III

Defendant's final argued assignment of error is that the trial court erred in denying defendant's motion for new trial in that "the verdict of the jury and the judgment entered thereon are contrary to the great weight and preponderance of the evidence. . . ."

Defendant's argument in this regard is to the effect that the evidence showed the work and labor done by plaintiff was not satisfactory. That is, that the well did not produce the required amount of water. Suffice it to say our review of the record reveals that the testimony is in conflict regarding the adequacy of the well. Under such circumstances it becomes the duty of the trier of the facts to reconcile such conflict.

It is appropriate to quote what this court said in *American Home Building & Loan Ass'n v. Long,* 24 Ala.App. 34, 36, 129 So. 793, 794:

"To hold in line with the contention of appellant would be in effect necessitate a ruling by this court that the judgment so rendered is manifestly and palpably against the evidence in this case, and that the proponderance of the evidence is decidedly adverse to the judgment pronounced and entered. This we

cannot do under the general and well-settled principal [sic] of law that the verdict of a jury, or judgment by the court upon a trial without the intervention of a jury, should not be disturbed unless the adjudication reached below is far afield from the evidence and the law applicable thereto. A rule of this import is declared in the case of *Cobb v. Malone,* 92 Ala. 630, 9 So. 738. The rule therein stated has been approved and followed by innumerable decisions of the appellate courts of this state."

 The case of *Cobb v. Malone, supra,* was reaffirmed by the Alabama Supreme Court on September 25, 1975, in *Hubbard Bros. Const. Co., Inc. v. C. F. Halstead Cont., Inc.,* 294 Ala. 688, 321 So.2d 169. Additionally, this presumption is strengthened when the trial judge refuses to grant a new trial. See 2A Ala.Dig. *Appeal and Error,* ☞930(1). The record reveals there is ample evidence to support the jury's findings.

All assignments of error properly argued and presented having been considered, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.