326 So.2d 713

**William T. PINSON, Jr., Administrator of the Estate of Ruthalene Pinson**

v.

**Gary T. HADDOCK and the West Bend Co., Division of Dart Industries.**

**SC 1293.**

Supreme Court of Alabama.

Feb. 5, 1976.

**220**

E. Ray Large, Birmingham, for appellant.

Eugene D. Martenson, Birmingham, for appellees.

BLOODWORTH, Justice.

William T. Pinson, Jr., as administrator of the estate of his wife, appeals from an adverse jury verdict and judgment in a wrongful death action, and from the order overruling his motion for new trial. We affirm.

The case arose out of an automobile accident which occurred on a public road in Birmingham, Alabama, September 4, 1971. Plaintiff Pinson avers in his complaint that defendant Haddock, while acting within the line and scope of his employment with defendant West Bend, so negligently operated his motor vehicle as to cause it to collide with a vehicle being driven by Pinson, in which Pinson's wife was a passenger, and that, as a proximate consequence, Pinson's wife was killed; and, Pinson claims damages therefor.

The jury returned a verdict in favor of defendants Haddock and West Bend. Judgment was entered thereon. Plaintiff Pinson filed a motion for new trial based on the ground that the verdict was against the preponderance of the evidence. The motion was overruled by the trial court.

Pinson's appeal is based on the grounds that the great preponderance of the evidence establishes that the injuries sustained by Mrs. Pinson in the automobile collision proximately contributed to her subsequent death.

The facts are that on Saturday, the day of the collision, Mrs. Pinson was not aware of having sustained any injuries. However, on Sunday she began experiencing some pain in her chest, neck, and shoulders, and by Monday had taken to bed. She first visited a physician on Tuesday and made a return visit on Friday. On Saturday, one week from the date of the collision, she was hospitalized and was placed in traction. Shortly after her ad-

mission, she developed a cardiac "dysrhythmia" [abnormal or irregular rhythm] in her heartbeat. On October 4, after three and a half weeks in the hospital, Mrs. Pinson died.

The death certificate signed by the attending physician Dr. Patton and dated October 23, 1971, listed the immediate cause of death as "Ischemia heart disease due to arteriosclerosis" [a condition involving a lack of blood supply to the heart].

Plaintiff Pinson's expert witness, Dr. Casten, concluded that the precipitating cause of the deceased's death was the whiplash injury she sustained in the automobile collision "[b]ecause we have no other precipitating event that's presented to us." This witness testified that the deceased's emotional stress over her hospitalization and necessary separation from her children, along with the physical stress of confinement in traction, resulted in the imposition of additional strain on the deceased's heart which was already doing extra work because of deceased's coronary blockage. In view of the fact that the deceased had never experienced back or neck pains prior to the accident, the testimony of plaintiff Pinson's expert witness is said to have established by a preponderance of the evidence that deceased's death was the proximate result of the accident.

Plaintiff Pinson further contends that negligence is also established by a preponderance of the evidence. This contention is based on the claim that Pinson's stationary vehicle was struck in its rear by defendant Haddock's vehicle. Pinson and Haddock were both in a line of traffic which was stopped at a traffic light. When the light changed to green, the lead vehicle in the line (a wrecker), pulled into the intersection and promptly stalled. The car immediately behind the wrecker stopped. Pinson's vehicle was next in line; Pinson testified that he did not move his vehicle from its stationary position. Haddock's testimony is that Pinson's vehicle had started to move forward. Defendant Haddock, whose vehicle was stopped immediately behind Pinson's, began moving his vehicle when, Haddock claims, Pinson stopped suddenly, thereby causing a collision with Pinson's vehicle. Pinson's vehicle was pushed into the rear of the vehicle stopped in front of it and was damaged both in the front and in the rear. Pinson argues that the mere fact that defendant hit Pinson's stationary vehicle from the rear is uncontrovertible proof of defendant's negligence.

The plaintiff's contention on this appeal is that the trial court erred in not granting a new trial on the ground that the verdict of the jury is contrary to the evidence. He contends that the great preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust. He cites *Cobb v. Malone et al.,* 92 Ala. 630, 9 So. 738 (1890), inter alia.

We cannot agree with this contention and must conclude that there is not a preponderance of the evidence in plaintiff's favor either on the issue of negligence or proximate cause.

Our rules of review are well settled.

■ Verdicts are presumed correct and no ground of new trial is more carefully scrutinized than that the verdict is against the weight of the evidence. *Taylor v. Thompson,* 271 Ala. 18, 122 So.2d 277 (1960).

■ The correctness of a jury's verdict is strengthened when the trial judge refuses to grant a new trial. *Smith v. Cullen,* 270 Ala. 92, 116 So.2d 582 (1959).

■ On the issue of negligence, defendant Haddock was only required to use that degree of care required by a reasonable and prudent man. The jury could reasonably have found that Haddock did not have

sufficient time to stop his vehicle, being confronted with the sudden stopping of Pinson's vehicle.

 On the issue of proximate cause, the evidence reasonably supports the theory that Mrs. Pinson's health was already poor prior to the accident. There is some evidence in the record to the effect that the advanced case of arteriosclerosis from which Mrs. Pinson suffered was sufficient to have caused her death even without the additional strain caused by the whiplash injury. At any rate, the question of initial negligence as well as the causal relationship between the accident and Mrs. Pinson's death, were both matters for determination by the jury. There is not such a preponderance of the evidence against the verdict so as to clearly convince us that it was wrong and unjust.

Affirmed.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.