373 So.2d 1100 (1979)
Louise FREE
v.
Mary E. PALMER.
Civ. 1644.
Court of Civil Appeals of Alabama.
May 2, 1979.
Rehearing Denied June 20, 1979.
Robert V. Wooldridge, Jr., Tuscaloosa, for appellant.
John A. Owens and Barrie Balzli Stokes of Phelps, Owens, Jenkins, Gibson & Fowler, Tuscaloosa, for appellee.
WRIGHT, Presiding Judge.
This is a negligence case. The plaintiff appeals from the denial of her motion for new trial. She contends the jury awarded her inadequate damages. We agree and reverse and remand.
*1101 The evidence showed that plaintiff was a passenger in an automobile struck by the defendant's automobile. The plaintiff suffered a dislocation of her left fourth finger and a broken nose. Her finger required surgery under local anesthesia. Because of this injury, plaintiff sustained a four percent disability of her left hand. Plaintiff proved medical bills and automobile expense totaling $526.11. She was not able to return to her employment at Gulf States Paper Company from the time of her injury on June 24, 1977, until she secured a doctor's release on December 31, 1977. However, Gulf State closed due to a strike on October 25, 1977 and never reopened. Her weekly take-home pay before the injury was $160. The jury returned a verdict for plaintiff in the amount of $2,000.
Plaintiff contends that she was entitled to recover at least an amount equal to the uncontradicted evidence of medical bills, automobile expense, and lost wages. She also contends that the verdict should have included an award for pain and suffering.
Defendant, on the other hand, concedes that plaintiff proved $526.11 in damages for medical and automobile expense, but argues that her damages from lost wages were not undisputed and should be left to the jury's determination. Defendant argues that since the plaintiff's lost wages were disputed, a portion of the jury's verdict could have represented damages for pain and suffering.
In reversing the trial court we are not unmindful of the governing principles in cases of this type. As a general rule a jury verdict is presumed to be correct and should not be set aside on the ground of inadequacy unless the amount is so inadequate as to plainly indicate that the verdict was the result of passion, prejudice or improper motive. Roland v. Krazy Glue, Inc., 342 So.2d 383 (Ala.Civ.App.1977). In addition, there is a strong presumption of correctness which attaches to a trial court's refusal of a motion for new trial. Brooks v. Cox, 285 Ala. 267, 231 So.2d 302 (1970). However, in the recent case of Williams v. Williamson Truck Lines, Inc., 353 So.2d 1172 (Ala.Civ.App.1978), we held that a jury verdict for damages cannot stand if it varies from an uncontradicted opinion of value. Furthermore, the jury may not disregard the testimony of competent witnesses and substitute its own conclusions for undisputed evidence. Deal v. Johnson, 362 So.2d 214 (Ala.1978).
We have said that defendant concedes that plaintiff proved damages in the amount of $526.11 for medical and automobile expenses. There was no dispute that her weekly wage before the injury was $160. It was undisputed that because of her injury she was unable to work at her job as a bag machine operator from June 24 until the plant was closed by a strike on October 25, 1977, and could not have worked at her job in any event until December 31, 1977. Defendant's answer to this undisputed evidence is that the jury could have concluded that all of plaintiff's wage loss was not proximately caused by her injury. We cannot agree with that contention. Although plaintiff's loss in wages after October 25 might be contended to have resulted in any event because of the employee strike, there can be no question from the evidence that she could not work from her injury until the plant closed on October 25. Dr. Buckley testified that because of the nature of plaintiff's employment and the impairment of her injured hand, she was not capable of returning to work until December 31. Thus it is undisputed that plaintiff lost seventeen weeks' employment between June 24 and October 25 as a direct result of her injury. At $160 per week, plaintiff's damages from lost wages should have been at least $2,720. That amount plus the conceded $526.11 totals $3,246.11, without any damage for pain and suffering.
The jury's verdict of $2,000 for the plaintiff was clearly inadequate in that it failed to compensate her even for the full amount of special damages without any compensation for pain and suffering. The trial court erred in not granting plaintiff a new trial and must be reversed. Williams v. Williamson Truck Lines, Inc., supra.
REVERSED AND REMANDED.
*1102 BRADLEY, J., concurs.
HOLMES, J., dissents.
HOLMES, Judge (dissenting).
I respectfully dissent.
It is well settled in this state that on appeal, all favorable presumptions are afforded the correctness of jury verdicts and such verdicts will not be disturbed unless far afield from the evidence and law. Baswell v. Wilks, 57 Ala.App. 98, 326 So.2d 292 (1976). This presumption of correctness is further strengthened where the trial court refuses to grant a new trial on the ground that the verdict is contrary to the evidence. Birmingham Southern R. Co. v. Ball, 271 Ala. 563, 126 So.2d 206 (1961). No ground for reversal is more carefully scrutinized or rigidly limited than one charging the verdict is against the evidence. Pinson v. Haddock, 295 Ala. 219, 326 So.2d 713 (1976).
An appellate court has no right to set aside a jury verdict on the ground of inadequacy unless it is evident the award was produced by passion, prejudice or improper motive. Krazy Glue, supra. As I understand the majority, this court concludes that the verdict is so tainted because the verdict varies from uncontradicted evidence of the value of plaintiff's lost wages. I adamantly disagree with this conclusion for the reasons set forth below.
The record in this proceeding reveals that by virtue of defendant's cross-examination of the plaintiff and plaintiff's physician, a controversy arose as to whether, given the nature of plaintiff's injury, the plaintiff was entitled to all the lost wages she sought to recover. In particular, the record reveals the defense brought out the fact that plaintiff was unemployed for the four months preceding the strike at her place of employment, two additional months prior to the release by her doctor, and the fact that she was still unemployed at the time of the trial of this lawsuit. The jury may well have considered this fact probative on the issue of whether plaintiff was able to return to work notwithstanding her asserted inability to do so.
More importantly, plaintiff's physician testified that plaintiff's finger was not fractured nor nearly amputated (held to her hand merely by skin) as the plaintiff had so stated, but that the finger had merely been dislocated. The doctor further stated that the finger was placed in a cast, but that the cast was removed after four weeks, at which time the plaintiff was to undertake self therapy. It further appears from the record that although the doctor did not release the plaintiff until December 31, he testified that it was the plaintiff who informed him that due to the nature of her work, she could not return to her job. Given this testimony, it was reasonable for the jury to conclude, as it apparently did, that considering the nature of plaintiff's injury as compared with her convalescence from work, she was not entitled to recover lost wages from June 24 until October 25.
It is interesting to note that the jury could have quite reasonably concluded that plaintiff was unable to work for the four week period during which her finger was in a cast and an additional four week period thereafter. If this be their conclusion, the verdict of $2,000 adequately compensates plaintiff for pain and suffering in addition to her other damages. In any case, it is not proper for this court to speculate on the mental operations of the jury, Wren v. Blackburn, 293 Ala. 393, 304 So.2d 187 (1974), and we cannot reverse a jury verdict supported by tendencies of the evidence even though a different conclusion might be reached on the same evidence. Griffin v. Respress, 281 Ala. 168, 200 So.2d 469 (1967).
In addition to that set forth above, even assuming arguendo that the evidence on the instant issue was undisputed, it was not binding on the jury. This is so because a jury need not accept evidence as proof of a fact when it is contrary to all probabilities of the case. Williams v. Ellington, 233 Ala. 638, 172 So. 903 (1937). Furthermore, this principle is not eroded by the holdings in Williams v. Williamson Truck Lines, Inc., and Deal v. Johnson, supra, upon which the majority relies. As I understand those cases, uncontroverted evidence as to the value of property allegedly damaged may *1103 not be disregarded by the jury, Farmers & Ginners Cotton Oil Co. v. Reliance Ins. Co., Ala., 341 So.2d 147 (1976), but such is not the issue here.
I would affirm this case in all respects.