I respectfully dissent.
It is well settled in this state that on appeal, all favorable presumptions are afforded the correctness of jury verdicts and such verdicts will not be disturbed unless far afield from the evidence and law. Baswell v. Wilks, 57 Ala. App. 98, 326 So.2d 292 (1976). This presumption of correctness is further strengthened where the trial court refuses to grant a new trial on the ground that the verdict is contrary to the evidence. Birmingham Southern R. Co. v. Ball, 271 Ala. 563,126 So.2d 206 (1961). No ground for reversal is more carefully scrutinized or rigidly limited than one charging the verdict is against the evidence. Pinson v. Haddock, 295 Ala. 219,326 So.2d 713 (1976).
An appellate court has no right to set aside a jury verdict on the ground of inadequacy unless it is evident the award was produced by passion, prejudice or improper motive. Krazy Glue,supra. As I understand the majority, this court concludes that the verdict is so tainted because the verdict varies from uncontradicted evidence of the value of plaintiff's lost wages. I adamantly disagree with this conclusion for the reasons set forth below.
The record in this proceeding reveals that by virtue of defendant's cross-examination of the plaintiff and plaintiff's physician, a controversy arose as to whether, given the nature of plaintiff's injury, the plaintiff was entitled to all the lost wages she sought to recover. In particular, the record reveals the defense brought out the fact that plaintiff was unemployed for the four months preceding the strike at her place of employment, two additional months prior to the release by her doctor, and the fact that she was still unemployed atthe time of the trial of this lawsuit. The jury may well have considered this fact probative on the issue of whether plaintiff was able to return to work notwithstanding her asserted inability to do so.
More importantly, plaintiff's physician testified that plaintiff's finger was not fractured nor nearly amputated (held to her hand merely by skin) as the plaintiff had so stated, but that the finger had merely been dislocated. The doctor further stated that the finger was placed in a cast, but that the cast was removed after four weeks, at which time the plaintiff was to undertake self therapy. It further appears from the record that although the doctor did not release the plaintiff until December 31, he testified that it was the plaintiff who informed him that due to the nature of her work, she could not return to her job. Given this testimony, it was reasonable for the jury to conclude, as it apparently did, that considering the nature of plaintiff's injury as compared with her convalescence from work, she was not entitled to recover lost wages from June 24 until October 25.
It is interesting to note that the jury could have quite reasonably concluded that plaintiff was unable to work for the four week period during which her finger was in a cast and an additional four week period thereafter. If this be their conclusion, the verdict of $2,000 adequately compensates plaintiff for pain and suffering in addition to her other damages. In any case, it is not proper for this court to speculate on the mental operations of the jury, Wren v.Blackburn, 293 Ala. 393, 304 So.2d 187 (1974), and we cannot reverse a jury verdict supported by tendencies of the evidence even though a different conclusion might be reached on the same evidence. Griffin v. Respress, 281 Ala. 168, 200 So.2d 469
(1967).
In addition to that set forth above, even assuming arguendo
that the evidence on the instant issue was undisputed, it was not binding on the jury. This is so because a jury need not accept evidence as proof of a fact when it is contrary to all probabilities of the case. Williams v. Ellington, 233 Ala. 638,172 So. 903 (1937). Furthermore, this principle is not eroded by the holdings in Williams v. Williamson Truck Lines, Inc., and Deal v. Johnson, supra, upon which the majority relies. As I understand those cases, uncontroverted evidence as to thevalue of property allegedly damaged may *Page 1103 
not be disregarded by the jury, Farmers Ginners Cotton OilCo. v. Reliance Ins. Co., Ala., 341 So.2d 147 (1976), but such is not the issue here.
I would affirm this case in all respects.