The plaintiff sued the defendant for breach of contract. The jury returned a verdict in favor of the plaintiff in the amount of $2,825. A judgment was entered thereon and the defendant appeals. We affirm.
The defendant through able counsel alludes to several issues, as a result of the trial court's failure to grant defendant's motion for judgment notwithstanding the verdict or for new trial. However, this court determines that the dispositive issue *Page 1295 
is whether there is evidence to support the verdict.
We do not deem it necessary to set out in detail the facts. The following is sufficient when viewed with the attendant presumptions.
Initially, the plaintiff contacted the defendant through a "canvas" letter in which plaintiff offered to find buyers for timber located on defendant's land.
The defendant responded and plaintiff agreed to meet with him to discuss terms. They reached an agreement whereby the plaintiff was to cruise the land, prepare and send out a prospectus, and receive the bids in return for 10% of the accepted bid. The defendant had the right to reject or accept the bid and no obligation towards the plaintiff would arise until a bid was accepted. Put another way, if defendant rejected the bid, he would owe the plaintiff nothing.
Plaintiff received only one bid during the allotted time.
The defendant was not present during the opening of the bid so plaintiff telephoned to tell him the results of the bidding. According to plaintiff's testimony, he informed the defendant that there was only one bid for $28,250. The defendant then asked whether plaintiff considered that a good price. Plaintiff replied that it was and thereupon, defendant told plaintiff to accept the bid. The plaintiff then communicated the acceptance to the buyers. The defendant denies accepting the bid.
After several weeks had passed and plaintiff received no further word, he contacted the parties involved and learned that defendant had refused to sell. Thereafter, plaintiff sent the defendant a bill. When the defendant refused to pay, plaintiff brought suit against him for breach of their agreement.
The defendant answered denying accepting the bid and pled the statutes of fraud and limitations. The defendant also introduced evidence that showed that plaintiff had given the wrong legal description of the property in the prospectus sent out to potential buyers.
As indicated, the jury returned a verdict in favor of the plaintiff and awarded $2,825. The trial court denied defendant's motion for j.n.o.v. or a new trial, whereupon defendant appeals.
At the outset, we note that all favorable presumptions are afforded the correctness of jury verdicts and such verdicts will not be disturbed on appeal unless clearly divergent from the evidence and the law. Baswell v. Wilks, 57 Ala. App. 98,326 So.2d 292 (1976). This presumption is further strengthened where the trial court refuses to grant a new trial. BirminghamSouthern R. Co. v. Ball, 271 Ala. 563, 126 So.2d 206 (1961).
One view of the evidence indicates that the plaintiff and defendant entered into a contract whereby the plaintiff was to find buyers for a tract of timber owned by defendant. Plaintiff found a buyer but defendant subsequently refused to go through with the sale. Plaintiff performed his part of the agreement, the defendant accepted the bid thereby completing the contract. When defendant refused to pay the plaintiff the 10%, he breached their agreement.
While the evidence is in conflict, it is the duty of the jury, not this court, to resolve that conflict. Herrington v.Hudson, 262 Ala. 510, 80 So.2d 519 (1955); Sunnyland MobileHomes, Inc. v. Thompson, 384 So.2d 1111 (Ala.Civ.App. 1980).
It is clear to this court that the evidence supports the verdict.
In addition to the above, the defendant contends that due to the erroneous legal description on the prospectus, the contract was impossible to perform. The defendant claims that the error was the result of plaintiff's negligence, and as a consequence, he cannot perform on the contract. The defendant cites to several cases that stand for the proposition that "a party to a contract who has caused a failure of performance by the other party cannot take advantage of that failure." (Cite omitted.)
Be that as it may, it appears to this court that the above theory is raised for the *Page 1296 
first time on appeal. This court will not entertain arguments not advanced at trial. Rule 4 (a)(3), A.R.A.P.; Lee Associates,Inc. v. Specialty Construction Co., Inc., 341 So.2d 150
(Ala.Civ.App. 1976).
Assuming the issue was raised, it was clearly not the theory of the case at trial. An appellate court reviews a case only on the theory under which it was tried and judgment rendered.Sutton's Music Co., Inc. v. Top Music Co., Inc., 377 So.2d 1092
(Ala.Civ.App. 1979).
We would further note that there is evidence which would indicate that the jury could have found the contract was possible to perform.
The defendant also alludes to the fact that the statute of frauds was not complied with as there was no written contract. However, a contract employing a broker to procure a purchaser need not be in writing to be valid. Hover v. Whittaker-WarrenAgency, 56 Ala. App. 255, 321 So.2d 213 (1975).
In view of the above, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.