HOLMES, Judge.
This is a breach of contract case.
Appellant, one of two defendants below, appeals from a jury verdict awarding plaintiffs $4,157.86. We find no error requiring reversal and affirm.
Plaintiffs and defendants entered into an agreement whereby defendants agreed to purchase plaintiffs’ store. Essentially the agreement transferred to defendants a building lot, inventory and all chattel property and property relating to the operation of the store. In addition, the agreement contained the following provisions:
“All the above chattel property shall be paid for free and clear, with the exception of a ‘nominal’ amount owing on the surveillance system ..., this ‘nominal’ amount owing to be assumed by the purchasers, subject to the amount being defined and agreed upon.”
The surveillance system had been leased to plaintiffs by Equico Lessors, Inc. After *1304 defendants took possession of the store, plaintiffs continued to receive monthly bills from Equico. Plaintiffs sent these bills on to defendants. Thereafter, a dispute arose between plaintiffs and defendants as to who would pay the monthly charge.
Equico Lessors went to court and obtained a judgment against plaintiffs. Plaintiffs filed a “third party complaint” against defendants for the amount of damages awarded Equico. Plaintiffs’ claim was based upon their written agreement with defendants.
Defendants countered, alleging breach of contract and misrepresentation. The jury returned a verdict in favor of plaintiffs. From that result, defendants appeal.
The dispositive issue on appeal is whether there is evidence to support the verdict. We find there is and affirm.
At the outset, it should be noted that all favorable presumptions are afforded the correctness of jury verdicts and such verdicts will not be disturbed on appeal unless clearly divergent from the evidence and the law. Baswell v. Wilks, 57 Ala.App. 98, 326 So.2d 292 (1976). This presumption is further strengthened where the trial court refuses to grant a new trial, as was done in the case at bar. Birmingham Southern R. Co. v. Ball, 271 Ala. 563, 126 So.2d 206 (1961).
It was and is the position of defendants, through able counsel, that the transfer of the surveillance system was subject to the “nominal” amount in the agreement being defined and agreed upon. They claim this was never done. In addition, defendants maintain that plaintiffs only had a lease on the equipment and could not sell or assign it without Equico’s permission.
Plaintiffs, on the other hand, maintained that the word “nominal” was used in connection with the surveillance equipment because they did not know how much was owed on the equipment. Further, plaintiffs testified that after the monthly bills were delivered to defendants, conversations occurred between them where defendants agreed to take care of the matter with Equico. Plaintiffs also testified that arrangements could have been made whereby defendants would eventually obtain title to the equipment.
While the evidence is in conflict, it is the duty of the jury, not this court, to resolve that conflict. Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519 (1955); Sunnyland Mobile Homes, Inc. v. Thompson, 384 So.2d 1111 (Ala.Civ.App.1980).
It is clear from the above that there is evidence to support the jury’s verdict. This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.