HOLMES, Judge.
This is a case concerning an automobile accident.
The plaintiff sued the defendants for injuries he received in an automobile accident. A jury trial was held and plaintiff was awarded the sum of $5,125. From that judgment defendants, through able and distinguished counsel, appeal.
The dispositive issue on appeal is whether the jury’s verdict is against the great weight and preponderance of the evidence.
At the outset, we note that all favorable presumptions are afforded the correctness of jury verdicts and such verdicts will not be disturbed on appeal unless clearly divergent from the evidence and the law. Baswell v. Wilks, 57 Ala.App. 98, 326 So.2d 292 (1976). Furthermore, the action of the trial court in denying a motion for new trial, as was done in the present case, carries with it a strong presumption of correctness, and that action will not be reversed unless the evidence “plainly and palpably” fails to support the verdict. Southeast Alabama Broadcasting Co., Inc. v. Farrell, 434 So.2d 756 (Ala.1983).
A review of the record in light of the above presumptions provides sufficient evidence to support the verdict in the present case.
Briefly, the facts are as follows:
Plaintiff was a passenger in defendants’ taxi cab. En route to their destination, the taxi cab traveled down a one way street. As they approached the intersection where the accident occurred, the cab was in the second lane from the left. The next lane to the left was a left turn only lane. As the cab approached in the second from the left lane, the traffic light was red and there was a car stopped ahead of the taxi at the light. This was the other auto involved in the wreck.
When the light changed to green, the taxi cab accelerated and pulled into the left turn only lane. As the taxi cab passed the automobile stopped at the light, that car attempted to pull into the turn lane whereupon the accident occurred. The automobiles collided with each other just as they entered the intersection. The taxi cab’s intended destination was located on the one way street several blocks from where the accident occurred. In other words, the taxi cab did not have to make any turns to reach its destination. Also, there was testimony that the taxi’s speed just before impact was approximately thirty miles per hour.
It is clear from the evidence that the jury could have found that the taxi cab was *287 attempting to improperly pass the other car in the turn only lane while traveling at a possibly excessive rate of speed. This, in view of the instant facts, could undoubtedly constitute negligence on the part of the cab driver.
In view of the above, this court cannot say that the verdict is against the “great weight and preponderance” of the evidence. While it is true that the evidence conflicts in some respects, it is the duty of the jury, not this court, to resolve those conflicts. Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519 (1955). In any event, we do not believe that there was error requiring reversal.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.