WRIGHT, Presiding Judge.
In January 1983 Emory Bullard gave Benny Bullard, his brother, a check for $5,000.00 for the purpose of purchasing equipment and opening a tire recapping business. The business was never started, although approximately $4,250.00 of the money was used by the defendant to purchase and relocate tire recapping equipment. Plaintiff filed suit in November 1985 claiming $5,000.00 plus interest, due by open account and due by account stated. Trial was had without a jury. Judgment was for defendant.
The plaintiff contends that the $5,000.00 was a loan to the defendant and demands repayment. The defendant claims that the money received by him was an investment by the plaintiff to start a business in which plaintiff would retain an interest. Both parties testified at trial that the plan they agreed to, through which the plaintiff would recoup his money, provided that plaintiff would receive $2.00 per tire recapped until the original $5,000.00 was returned, and then receive $1.00 per tire recapped thereafter. There was no written agreement between the parties.
The primary issue on appeal is whether the evidence at trial supported the court’s ruling for the defendant. It is clear to this court that the evidence supports the judgment. Although there was conflicting testimony concerning whether the parties had agreed to a loan or an investment, it was undisputed that the plaintiff would continue to receive money even after his original $5,000.00 was returned. This indicates that something more than a loan was intended, and was sufficient evidence to support the court’s judgment for the defendant.
The plaintiff contends on appeal that he is entitled to recover on a quasi-contract due to the unjust enrichment of the defendant. He also suggests that if the facts of the case support a partnership, the trial court erred in ignoring the rights and responsibilities created by the Alabama Uniform Partnership Act. We find no merit in either contention. We find nothing in the record to indicate that trial was had on either theory. It thus appears that these theories have been raised for the first time on appeal. This court will not entertain issues not previously advanced at trial. We may review a case only on the theory under which it was tried and judgment rendered. Boyd v. Sellers, 431 So.2d 1294 (Ala.Civ.App.1983); Rule 4, Alabama Rules of Appellate Procedure.
This case is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.