516 So.2d 659 (1987)
John L. PERRY, Sr.
v.
STATE of Alabama DEPARTMENT OF HUMAN RESOURCES.
(In the Matter of John L. PERRY, Jr., a child under the age of 18 years).
Civ. 5725.
Court of Civil Appeals of Alabama.
June 24, 1987.
Rehearing Denied July 29, 1987.
Certiorari Denied November 20, 1987.
*660 Roy Wesley Miller, Huntsville, for appellant.
William Prendergast and Coleman Campbell, Asst. Attys. Gen., for appellee.
Alabama Supreme Court 86-1488.
INGRAM, Judge.
The Juvenile Court of Madison County, following an ore tenus hearing, ordered the permanent termination of all parental rights of the mother and father of John Lewis Perry, Jr., age nine. Permanent legal custody was vested in the Alabama Department of Human Resources (department).
The father raises several issues by his appeal here, all of which essentially question whether there exists clear and convincing evidence to support the trial court's decision to terminate the father's parental rights. Among these include the father's contentions that the court failed to consider less drastic measures than permanent termination of rights, that the department failed to make every effort to rehabilitate the father, and that the court failed to find in the alternative that the child would be abused or neglected if custody was given to the grandmother.
It is axiomatic that parents have a prima facie right to custody of a child. The overriding consideration is, however, the best interests of the child. Brown v. Alabama Department of Pensions & Security, 473 So.2d 533 (Ala.Civ.App.1985). In determining the child's best interests, the court must consider whether a party to a custody proceeding is physically, financially, and mentally able to care for the child. Matter of Von Goyt, 461 So.2d 821 (Ala.Civ.App.1984). The parental rights of the parents can be terminated only if the court finds from clear and convincing evidence that the parents are unable or unwilling to discharge their responsibilities to and for the child. Code 1975, § 26-18-7(a).
We further note that the determination of the trial court made after receiving *661 evidence ore tenus is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985).
In the present case, there is clear and convincing evidence which supports the trial court's order.
The record reveals that the child has remained in foster care for more than two years. During this time the father has made little effort toward self-rehabilitation in order to regain custody. The department has provided written plans of responsibility to help the father meet requirements which would lead toward his regaining custody. However, the requirements of the agreements were never accomplished. The testimony at trial reveals that the father has been unable or unwilling to establish a stable home. He has continuously moved from place to place and could not dispute that he had moved thirteen times in two years, with six of those moves since January 1986.
Under § 26-18-7(a), Code 1975, there are several factors which the court shall consider, but to which it is not limited in determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child. One of these factors is that reasonable efforts by the department leading toward the rehabilitation of the parents have failed. In this instance, it is clear that the department worked with the father in an effort for him to regain custody of his child. However, these attempts at rehabilitation were unsuccessful. The father never fulfilled the provisions of the plan set up between him and the department, even though he was given ample time to demonstrate a willingness and ability to work with the department to achieve a placement of his child in his custody.
A second factor to be considered by the court in making its determination is the "emotional illness, mental illness, or mental deficiency of the parent or excessive use of alcohol or controlled substances, of such duration or nature as to render the parent unable to care for the needs of the child." There was evidence presented to the court that the father's mental condition had been altered by the abuse of alcohol and that he was not able to sufficiently care for the child.
The record is also clear that the court sought less drastic alternatives other than termination of parental rights. The record reveals that there was no other feasible alternative.
In view of the above, there was clear and convincing evidence that termination of the father's parental rights would be in the child's best interests. Brown, supra.
We note that appellant has raised on appeal additional issues regarding the constitutionality of the best interest standard and the violation of a social worker-client confidentiality privilege. It appears that these issues have been raised for the first time on appeal. Issues raised for the first time on appeal will not be considered by this court. Boyd v. Sellers, 431 So.2d 1294 (Ala.Civ.App.1983).
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.