INGRAM, Judge.
Rhett G. Barnes, a tenured teacher employed by Patrick Henry State Junior College (college), entered into a contract with the college to teach three classes during one-half of the summer term in 1981. The contract signed provided that Barnes would receive one-half full-time pay for teaching one of the classes, and one-half part-time pay for each of the other two. In September of 1985, Barnes filed a complaint in the Monroe County Circuit Court, seeking $2,500.00 in addition to the amount received under the contract. Barnes claimed this amount as due “as a result of defendant’s [college’s] coercion and duress, and breach of implied contract.” The trial court, after hearing evidence ore tenus, entered a judgment for the college, and Barnes’s motion for rehearing was denied. Barnes appeals the decision of the trial court.
On appeal, Barnes contends that the contract in question is contrary to Alabama State Board of Education policy, that policy having created an implied contract concerning the employment and salary of junior college teachers which must be honored by the college. The policy that Barnes claims he should have been paid pursuant to was issued on May 27, 1981, and reads in pertinent part as follows:
*1258 “GUIDANCE FOR SUMMER QUARTER OPERATIONS ALABAMA STATE JUNIOR COLLEGES AND JUNIOR COLLEGE DIVISIONS OF STATE COMMUNITY COLLEGES
[[Image here]]
“Instructors teaching less than a minimum class load and paid from Salary-Schedule D will be paid a pro rata amount from Salary Schedule D.
“Instructors employed to teach part-time will be paid in accordance with salary schedule for part-time instructional staff. The division chairman must teach a minimum class load in accordance with instructor load policy in order to receive the chairman stipend.”
Under this provision, Barnes argues that he should have received full-time pay for all three classes taught rather than for just one, as “Salary Schedule D” is the full-time salary schedule. However, the president of the college, Mr. James Allen, adopted an addendum to the summer school guidelines for 1981. The addendum states in part, “[cjlasses with 12 or more students will be paid at the rate of full-time.” Thus, as Mr. Allen interpreted the above guidance, two methods are set forth for calculating the summer salary. These are one for classes paid at full-time rate, where there are twelve or more students; and another for classes paid at the part-time rate, where there are less than twelve students.
Thus, appellant has not established that his contract was inconsistent with the policies of the State Board of Education. The appellant further failed to show that some implied agreement outside of his contract entitled him to full-time salary for the two classes he received part-time compensation for.
We note that the evidence was heard ore tenus. We review the judgment of the trial court with a presumption of correctness and will not reverse on appeal except for abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ. App.1985). We cannot say that the trial court abused its discretion or erred in rendering judgment.
The argument by Barnes that the contract was invalid because it was signed too late, according to a policy which requires that a contract be formed by the end of “drop/add,” comes too late for this court’s consideration. Boyd v. Sellers, 431 So.2d 1294 (Ala.Civ.App.1983); Rule 4, Alabama Rules of Appellate Procedure.
AFFIRMED.
BRADLEY, P.J., concurs.
HOLMES, J., concurs in the result.