MONROE, Judge.
Kendra Underwood appeals from the trial court’s judgment on the jury’s verdict in favor of the Greater Gadsden Housing Authority (“the Housing Authority”).
In February 1999, Underwood was given notice of the termination of her tenancy and of a demand for possession of her subsidized housing because of an alleged violation of her lease — she had allowed Gerald Kidd, a person whose name appeared on the “banned” or “no trespassing” list, into her apartment on February 2, 1999.
In April 1999 the Housing Authority filed an unlawful detainer action against Underwood in district court. The district court ruled in favor of the Housing Authority. In May 1999, Underwood appealed to the circuit court for a trial de novo and requested a jury trial. In August 1999, the matter was tried before a jury and the jury returned a verdict in favor of the Housing Authority. The circuit court entered a judgment on the jury verdict.
Underwood moved for a judgment as a matter of law, or in the alternative, for a new trial, contending that the Housing Authority’s use of a “banned” or “no trespassing” list was unconstitutional and that she had not been given proper notice that Kidd’s name was on the “banned” or “no trespassing” list. This motion was denied by operation of law. See Rule 59.1, Ala. R.Civ.P. This appeal followed.
In her first issue, Underwood contends that the Housing Authority’s use of a “banned” or “no trespassing” list was unconstitutional. However, ' Underwood did not raise this issue until she filed her post-judgment motion. In Burton v. Burton, 379 So.2d 617, 618 (Ala.Civ.App.1980), this court stated:
“It has long been the practice of our courts to refuse to hear an attack on the constitutionality of a statute when it is not raised in a timely manner at the trial on the merits. Thus, we will not allow a party to raise such an issue for the first time in a motion for new trial or on appeal.”
(Citations omitted.) Thus, we will not consider this issue.
In her second issue, Underwood contends that the Housing Authority failed to give her adequate notice that Kidd’s name had been placed on the “banned” or “no trespassing” list in December 1998. The Housing Authority’s February 5, 1999, letter to Underwood stated, “Your lease is being terminated because: You allowed a known banned person (Gerald Demetrius Kidd) in your apartment.” The basis for the Housing Authority’s termination of Underwood’s lease was Section IV, Paragraph (JJ) of the lease, which states:
“Tenant or family member agrees that any person who is under a ‘no trespassing’ notice of trespassing will not be allowed in or near the dwelling unit with the consent of the head of household or a family member. It will be a serious violation of this lease to allow any such person on or near the dwelling unit after notice to tenant of the person’s name and nature of trespass notice.”
(Emphasis added.) While it is undisputed that Kidd was present in Underwood’s apartment on February 2, 1999, the issue is whether Underwood had notice that Kidd’s name had been placed on the “banned” or “no trespassing” list in December 1998. In its charge to the jury, the trial court stated the following:
“And you notice that [paragraph] (JJ) requires knowledge, and under knowledge, suspicion alone is not adequate to infer knowledge. Talking about inference again, circumstantial evidence— The suspicion must be supported by substantial evidence- showing that Ken *869 dra Underwood was given notice that Gerald Kidd was banned as of February 2, 1999. And I have given you information about using the law and what is provided in determining what notice is.
“... And you are to review everything that has been presented by both sides in this case, and if after you have considered all the evidence in this case, if you find that the [Housing Authority] has proven by a preponderance of the evidence that the defendant, Underwood, knowingly allowed a banned person to enter her apartment, then you may find that Kendra Underwood violated her lease and may be evicted. However, if you find that the Housing Authority has failed to prove by a preponderance of the evidence that Underwood was given notice requmed by law that Gerald Kidd has been banned from her apartment in the housing authority, then you would find in her favor and against the Housing Authority.”
The evidence shows the following: Kidd was originally placed on the “banned” or “no trespassing” list in November 1996. Underwood does not dispute that she knew that Kidd’s name was placed on the “banned” or “no trespassing” list in 1996 and that while Kidd’s name was on this list, her meetings with him did not take place on Housing Authority property.
Kidd testified that when the ban expired in November 1998, he showed Underwood documentation indicating that his name was no longer on the “banned” or “no trespassing” list. He also testified that in December 1998 when his name was placed back on the “banned” or “no trespassing” list, he did not tell Underwood of this new development because he assumed that the Housing Authority had notified her.
Nalda Childs, the manager of the complex where Underwood resided, testified that although she is not required to, she notifies a resident “when [she is] aware that there is somebody placed on the banned list and a resident may have this person com[ing] to their apartment.” In November 1996, Childs sent Underwood a letter notifying her that Kidd’s name had been placed on the “banned” or “no trespassing” list. Childs testified that she was not aware that Kidd’s name had been placed back on the “banned” or “no trespassing” list until after the February 2, 1999, incident.
Underwood testified to the following: She had not been notified that Kidd had been placed back on the “banned” or “no trespassing” list in December 1998, and if she had known that his name was on the “banned” or “no trespassing” list, she would not have allowed him into her apartment because she did not want to risk having her lease terminated and her and her nine children being homeless.
It is well settled that a jury verdict is afforded a presumption of correctness and that a jury verdict will not be disturbed on appeal unless it is “clearly divergent from the evidence and the law” and “against the ‘great weight and preponderance’ of the evidence.” Yellow Cab Co. of Birmingham, Inc. v. Cotney, 434 So.2d 285, 286-87 (Ala.Civ.App.1983).
There was no evidence presented indicating that the Housing Authority had notified Underwood that Kidd had been placed back on the “banned” or “no trespassing” list when she allowed him into her apartment on February 2, 1999. In fact, the manager of the complex where Underwood lived testified that she was not aware that Kidd’s name was on the “banned” or “no trespassing” list before the February 2, 1999 incident.
Thus, we find that the jury’s verdict in favor of the Housing Authority was not supported by the evidence and the trial *870 court’s judgment entered on the verdict is due to reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, J., concurs.
ROBERTSON, P.J., and THOMPSON, J., concur in the result.
CRAWLEY, J., dissents.